ORTH v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. July 6, 1918.)

No. 1601.

1. ESCAPE ⬥⟾5—AIDING ESCAPE—OFFENSE.

Defendant, who, after the completed escape of a convict from a federal penitentiary, harbored and concealed him, so as to prevent his discovery and arrest, was entitled to a directed verdict of acquittal on a count under Criminal Code, § 141, for aiding and assisting the convict to escape.

2. CRIMINAL LAW ⬥⟾1168(1)—HARMLESS ERROR—REFUSAL OF DIRECTION TO ACQUIT.

The erroneous refusal to direct an acquittal on a count under Criminal Code, § 141, for aiding a convict to escape from a federal penitentiary, was not prejudicial, where a conviction under a second count thereunder for harboring and concealing the convict to prevent his discovery and arrest was supported by the evidence, and the sentence was not in excess of the maximum provided for that offense.

3. CRIMINAL LAW ⬥⟾393(1)—SELF-INCRIMINATION.

In a trial on an indictment under Criminal Code, § 141, for aiding one K., a convict, to escape from a federal penitentiary, and for harboring and concealing him, the admission of defendant's testimony in his own behalf as to his assistance to K., given on his trial for aiding one F., another convict, was not a violation of defendant's constitutional right not to be required to testify against himself, where he was under no compulsion to testify in the other trial.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Albert Orth was convicted of the statutory offense of aiding a convict to escape from a federal penitentiary, and of harboring and concealing the convict, and he brings error. Affirmed.

Paul M. Macmillan, of Charleston, S. C., for plaintiff in error.

J. Waties Waring, Asst. U. S. Atty., of Charleston, S. C. (Francis H. Weston, U. S. Atty., of Columbia, S. C., on the brief), for the United States.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

⬥⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WOODS, Circuit Judge. The defendant was convicted and sentenced under an indictment charging violation of the following statute:

"Whoever shall rescue or attempt to rescue, from the custody of any officer or person lawfully assisting him, any person arrested upon a warrant or other process issued under the provisions of any law of the United States, or shall, directly or indirectly, aid, abet, or assist any person so arrested to escape from the custody of such officer or other person, or shall harbor or conceal any person for whose arrest a warrant or process has been so issued, so as to prevent his discovery and arrest, after notice or knowledge of the fact that a warrant or process has been issued for the apprehension of such person, shall be fined not more than one thousand dollars, or imprisoned not more than six months, or both." Criminal Code (Act March 4, 1909, c. 321) § 141, 35 Stat. 1114 (Comp. St. 1916, § 10311).

The first count charged that the defendant aided, abetted, and assisted William Knobloch, a person under arrest and convicted under the laws of the United States, and in the custody of the warden of the United States penitentiary at Atlanta, to escape from that custody. The second count charged that the defendant harbored and concealed the convict, William Knobloch, so as to prevent his discovery and arrest. Knobloch escaped from the Atlanta penitentiary on August 29, 1916. Some time in September, 1916, he appeared in Charleston, S. C., where the defendant lived, and, as the evidence tended to show, was by the defendant aided and protected, and assisted to leave Charleston. Under this state of the proof, the defendant's counsel requested the District Judge to direct a verdict of acquittal on the first count of the indictment. The motion was refused.

[1, 2] The defendant was convicted on both counts of the indictment, but was sentenced only to pay a fine of $100 and imprisonment for two months. This was less than the maximum penalty provided by the statute. We think the motion should have been granted in accordance with the views expressed in the opinion this day filed in No. 1600, 252 Fed. 566, —— C. C. A. ——, a similar case against the same defendant. But, as we held in that case, there was no prejudicial error in refusing to direct a verdict of acquittal on the first count or in the sentence; for the conviction under the second count was well supported by the evidence, and the sentence was not in excess of the maximum provided for the offense.

[3] The defendant testified in his own behalf on his trial for aiding Fay concerning the assistance he gave to Knobloch when he came to Charleston in September. Against the objection of the defendant, the court allowed this testimony to be introduced in this case, as in the nature of an admission or a confession. It is earnestly insisted that this was a violation of the constitutional right of the defendant that he should not be required to testify against himself. The point is not well taken. The defendant was not under constraint or compulsion to testify in his trial for aiding Fay, and therefore his testimony in that case was admissible in any other legal proceeding, just as any other confession or admission would have been.

Affirmed.