**UNITED STATES of America, Appellee,**

v.

**Jewel A. HOUP, Appellant.**

**No. 71–1626.**

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1972.

Decided June 30, 1972.

Fred J. Swihart, Lincoln, Neb., for appellant.

William K. Schaphorst, U. S. Atty., and R. C. Cougill, Asst. U. S. Atty., Omaha, Neb., filed brief for appellee.

Before VAN OOSTERHOUT and MURRAH,* Senior Circuit Judges, and HEANEY, Circuit Judge.

PER CURIAM.

This is an appeal from a jury verdict of guilty for a violation of 15 U.S.C.A. § 714m(c), theft of grain belonging to the Commodity Credit Association. Appellant was sentenced to three years in prison.

Appellant asserts three errors on appeal: (1) pre-indictment delay; (2) issuance of additional instructions at the request of the jury; and (3) the introduction of the transcript of the defendant's testimony from a former trial in State court. For the reasons to be developed, we affirm the court below.

Appellant was arrested on November 5, 1966, for suspicion of theft of a grain trailer out of Lincoln, Nebraska. He was arrested by State authorities and tried in State court on the charge. While in custody on the State charge, he was investigated by federal authorities for theft of grain. In March 1970, appellant was indicted by a grand jury in the District Court of Kansas on the grain theft charge. In February 1971, the case was transferred to the District of Nebraska. Trial was had in late September 1971.

■■ Appellant's assertion that the indictment should have been dismissed because of unreasonable delay is controlled by United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468. Appellant has failed to establish by the record "that the pre-indictment delay in this case caused substantial prejudice to

* Senior Circuit Judge, Tenth Circuit, sitting by designation.

[appellant's] right to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." 404 U.S. 324, 92 S.Ct. 465. Appellant asserts that a witness who died in 1969 could testify that he, rather than the defendant, was responsible for the theft. *Marion* teaches that the safeguard against unaccessible witnesses is provided by the statute of limitations rather than the Fifth Amendment. The uncontroverted evidence showed that the defendant sold the grain to a dealer. In light of that evidence, we cannot say that appellant was substantially prejudiced by the inability of the deceased witness to testify.

■ We further find that the instruction on aiding and abetting given upon request of the jury after deliberating six and one-half hours was not error. Appellant argues that the additional instruction should have been accompanied by a re-reading of the instructions favorable to the defendant. The defendant did not request that the instructions be re-read or object to the additional instructions on the grounds asserted upon appeal. The court submitted all of the instructions, both orally and written. The court further instructed the jury to consider the instructions as a whole. No attack is made on the substance of the additional instruction. We do not find the issuance of the additional instructions to be plain error. See Rule 52, F.R.Crim.P.

The Government on rebuttal introduced testimony given by appellant in the State trial for theft of the truck. That testimony was offered to contradict defense witnesses in the instant trial. Appellant did not testify in his own behalf. Appellant contends the introduction of the transcript offends the Fifth Amendment proscription against self-incrimination.

■■ Appellant concedes the general rule that prior testimony is admissible. He asserts, however, that the gen-

eral rule does not apply when the testimony is admitted to rebut testimony of witnesses other than the defendant. We find no authority for that exception to the rule. There is no question that a person may waive his privilege against self-incrimination. There is no collateral attack here on whether the privilege was effectively waived in the State trial. Once the privilege is effectively waived, the information given is admissible at any subsequent trial. Harrison v. United States, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047; Orth v. United States, 4 Cir., 252 F. 569; United States v. Grunewald, D.C., 164 F.Supp. 644; Annot. 5 A.L.R.2d 1404.

Affirmed.