UNITED STATES of America, Appellee,

v.

Addie HARDRICH, a/k/a Addie Donald, III, a/k/a Rikky Donald, III, Appellant.

No. 82–2080.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 18, 1983.
Decided May 27, 1983.

Ronald D. Lahners, U.S. Atty., D. Nebraska.

Joseph F. Gross, Jr., Asst. U.S. Atty., Omaha, Neb., for appellee.

Michael F. Green, Omaha, Neb., Law Student, Supervised by Eric W. Kruger, of Bradford, Coenen & Ashford, Omaha, Neb., for appellant.

Before LAY, Chief Judge, BRIGHT and ROSS, Circuit Judges.

LAY, Chief Judge.

Addie Hardrich was convicted in the federal district court, the Honorable C. Arlen Beam presiding, on eleven counts of uttering forged United States Treasury checks. 18 U.S.C. § 495. He was sentenced to imprisonment for a period of one year on each of eleven counts; the sentences of imprisonment on counts one through ten were ordered to run consecutively one to the other.[1] On count eleven the defendant's sentence was suspended and he was placed on two years probation following the service of sentence imposed on the first ten counts. On appeal Hardrich raises several alleged errors at trial. Upon review we affirm the judgment of conviction.

In the fall of 1979, while the defendant Hardrich was employed as a Veterans Affairs counselor at the University of Nebraska at Omaha, ten United States Treasury checks were discovered missing from that office. In tracing these checks, eight of the ten missing were found to have been negotiated by means of "split deposits" into accounts held by Addie Hardrich. Additionally, a Social Security check was negotiated into an account held by Addie Hardrich.

On appeal Hardrich claims several alleged errors at trial: (1) he asserts the Government's and trial court's failure to grant immunity to two defense witnesses

deprived him of a fair trial; (2) that refusal by the district court to permit him to present the substance of admissions made by defense witnesses when interviewed by defendant's counsel's law clerk denied him a fair trial; (3) that the trial court abused its discretion in admitting certain inconclusive opinions by the Government's handwriting expert; (4) that the trial court abused its discretion in admitting evidence of defendant's prior criminal record and bad acts; and (5) that the trial court erred in denying defendant's motion to dismiss the indictment based on alleged violations of the fifth and sixth amendments.

During the trial, Addie Hardrich attempted to present the testimony of two brothers, Larry and David Ebberson; Hardrich claimed their testimony exculpated him. The Ebberson brothers, who were both then incarcerated in the Nebraska Penitentiary, refused to testify on fifth amendment privilege grounds. Hardrich claims it was error for the district court to have refused to grant judicial immunity to the Ebberson brothers. There exists a divided view on whether the court can grant a witness judicial immunity. *Compare United States v. Thevis,* 665 F.2d 616, 639–40 (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 57, 74 L.Ed.2d 61 (1982) *with Government of the Virgin Islands v. Smith,* 615 F.2d 964 (3d Cir.1980). *See also*

---

1. Although there is no issue raised on appeal, we express concern, sua sponte, as to the district court's use of consecutive sentences resulting in the accumulative total of ten years. Defendant has 120 days under Fed.R.Crim.P. 35 to seek modification of the sentence; we assume that the district court will review the length of sentence at that time.

We note both the Report on Corrections of the National Advisory Commission on Criminal Justice Standards and Goals and the ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures are opposed to consecutive sentences, except in the case of dangerous offenders. The Report of the National Advisory Commission recommends a presumption in favor of concurrent sentences for multiple offenses. NAC, Corrections 5.6.

The ABA Standards Relating to Sentencing Alternatives and Procedures are also generally opposed to consecutive sentences. Chapter 18,

Standard 4.5 holds that "consecutive sentences should not routinely be imposed" and that "the court should be authorized to impose such a sentence only after a finding that confinement for such a term is necessary in order to protect the public from further serious criminal conduct by the defendant."

In addition to running counter to modern penological thinking, the sentences imposed by the district court are far in excess of the average sentence for defendants convicted of similar crimes. In 1981, (the most recent year for which data is available) 1,748 defendants were convicted of forgery offenses. Of this total, 775 were sentenced to probation. Only 138 were sentenced to terms of 60 months and over. Among those who were incarcerated, the average sentence was 41.0 months. Administrative Office of the United States Courts, *Federal Offenders in the United States District Courts 1981,* at H–10, H–11.

*United States v. Saettele,* 585 F.2d 307 (8th Cir.1978) (Bright, J., dissenting); *In re Daley,* 549 F.2d 469, 479 (7th Cir.1976), *cert. denied,* 434 U.S. 829, 98 S.Ct. 110, 54 L.Ed. 89 (1977); *Earl v. United States,* 361 F.2d 531, 534–35 (D.C.Cir.1966), *cert. denied,* 388 U.S. 921, 87 S.Ct. 2121, 18 L.Ed.2d 1380 (1967). Although a United States attorney may request immunity,[2] it is doubtful that a district judge may order "judicial immunity" for a reluctant witness in this circuit. *See United States v. Graham,* 548 F.2d 1302, 1315 (8th Cir.1977). However, assuming the district court has such authority, it is clear that the proffered testimony must be clearly exculpatory. This showing was absent here. The proffered testimony of the two witnesses merely established incriminating evidence of a third party, but in no way exonerated the defendant here. We find no error in the district court's refusal to grant immunity.[3]

■ Hardrich also contends that refusal by the district court to permit him to present the substance of admissions made by the Ebberson brothers when interviewed by Hardrich's counsel's law clerk denied him a fair trial. Under rule 804(b)(3) of the Federal Rules of Evidence such a statement must be corroborated by circumstances clearly indicating its trustworthiness in order to be admissible. This was not done here; we find no error in the district court's ruling.

■ Hardrich next argues that the trial court abused its discretion in admitting certain inconclusive opinions by the Government's handwriting expert. Question Examiner Thomas V. McAlexander, of the Secret Service, testified that some of the endorsements and signatures on deposit and withdrawal slips were made by Addie Hardrich, some of them "may have been written" by Addie Hardrich, that there was no evidence that Addie Hardrich wrote any of the material on certain checks, deposit and withdrawal slips and that Mr. Hardrich "probably wrote" endorsements on certain checks. The district court found such testimony was sufficiently probative so as to be admissible under rule 702, Federal Rules of Evidence. We find no abuse of discretion in this ruling.

■ The district court allowed the Government to prove that Hardrich had been convicted of a prior felony conviction of uttering a forged instrument. We find this evidence was properly offered and received under rule 404(b), Federal Rules of Evidence, to establish identity and intent. The two crimes were sufficiently similar to be admissible under rule 404(b). The evidence showed that in both crimes, Hardrich uttered checks stolen from his employer. Further, any concern for "danger of unfair prejudice" was cured by the court's cautionary instruction. *United States v. Maestas,* 554 F.2d 834, 838 n. 7 (8th Cir.1977), *cert. denied,* 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1070 (1977).

■ Finally, absent any showing that any pre-indictment delay caused substantial prejudice to defendant's right to a fair trial or that the delay was an intentional device to gain a tactical advantage over the accused, we find the trial court did not err in denying Hardrich's motion to dismiss the indictment based on alleged violations of the fifth and sixth amendments. *United States v. Houp,* 462 F.2d 1338, 1339–40 (8th Cir.1972), *cert. denied,* 409 U.S. 1011, 93 S.Ct. 456, 34 L.Ed.2d 305 (1972).

2. Title 18, United States Code, Section 6003(b) provides:

(b) A United States Attorney may, with the approval of the Attorney General, the Deputy Attorney General, or any designated Assistant Attorney General, request an order under subsection (a) of this section when in his judgment—

(1) the testimony or other information from such individual may be necessary to the public interest; and

(2) such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.

3. Nor did failure of the Government to grant immunity deprive defendant of a fair trial. Because the testimony was not exculpatory, defendant was not prejudiced by its exclusion.

Accordingly, we affirm the judgment of the district court.

ROSS, Circuit Judge, concurring.

I concur in all of the opinion except footnote 1.