487 A.2d 1320

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Dwayne JOHNSON.**

**Dwayne JOHNSON, Appellant,**

v.

**COMMONWEALTH of Pennsylvania.**

Supreme Court of Pennsylvania.

Submitted Dec. 6, 1984.

Decided Feb. 21, 1985.

28

Eric B. Henson, Deputy Dist. Atty., Philadelphia, for Com.

John W. Packel, Chief, Appeals Div., Gaele McLaughlin Barthold, Jeffrey Shender, Philadelphia, for Johnson.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA, and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

■ In these cross appeals we are called upon to decide whether, without the consent of the prosecutor, a trial court has the power to grant use immunity for the compelled testimony of a defense witness. The question of defense witness immunity presented here is one of first impression in this Commonwealth. The trial judge refused to grant immunity holding that:

[T]he request and issuance of immunity is within the judgment of the Attorney General and district attorney, neither the court nor defense counsel may force the prosecutor to compel the testimony of a defense witness.

Slip opinion, p. 6. On appeal, the Superior Court held otherwise, stating:

The trial court held that only the Attorney General or a district attorney could request an immunity order, and that since here there had been no such request, no order

could issue. This was error. The court itself, upon appropriate proof, had the power to grant immunity. *Commonwealth v. Johnson*, 323 Pa.Super. 33, 470 A.2d 115 (1983).[1] The Commonwealth petitioned this Court for allowance of appeal which was granted. We disagree with the Superior Court and hold that the trial court was correct in its conclusion that it lacked the power to grant use immunity to the defense witness without the consent of the prosecutor.

The evidence in this case established that on July 1, 1980 at approximately 2:30 a.m. a young woman was raped by two men. The rape occurred in a house on North 29th Street in Philadelphia. Appellant Johnson and the proposed defense witness Daryl Jorden (Jorden) were arrested in front of the North 29th Street house and charged with criminal conspiracy, possession of instruments of a crime generally, possession of a concealed weapon, terroristic threats, simple assault, and rape. Upon motion of Jorden's counsel, the cases were severed for trial. The appellant was tried first and he was adjudged guilty of all charges except possession of a concealed weapon. He was sentenced to various terms of imprisonment on each of the charges, all to run concurrently with the term of 5 to 10 years imprisonment for the conviction of criminal conspiracy.[2]

1. The Superior Court, nevertheless affirmed the trial court's denial of immunity finding that its error was harmless. The Superior Court concluded that the testimony sought to be immunized was not shown to be clearly exculpatory or essential, thus, the denial of immunity was sustainable. From this ruling the appellant Dwayne Johnson (Johnson) appealed. Because we conclude that the trial court lacked the power to confer immunity without the approval of the prosecutor, we need not deal with these questions separately. The lower court's denial of immunity was proper on the grounds that it did not have independent authority to grant it.

2. The appellant was sentenced to not less than five (5) nor more than ten (10) years imprisonment for Criminal Conspiracy, not less than two and one-half (2½) nor more than five (5) years imprisonment for Possessing Instruments of a Crime, not less than two and one-half (2½) nor more than five (5) years imprisonment for Recklessly Endangering Another Person, not less than one (1) nor more than two (2) years imprisonment for Aggravated Assault and not less than five

Prior to the start of the trial the appellant Johnson informed the court that he wished to call Jorden as a witness to testify on his behalf. The appellant stated that, if called, Jorden would invoke the 5th Amendment and decline to testify. The appellant requested that the Commonwealth provide Jorden with use immunity since he deemed Jorden to be an essential witness whose testimony would exculpate appellant. The Commonwealth, through the prosecuting attorney, refused to ask for a grant of immunity. The appellant Johnson then asked the court to order or grant use immunity to Jorden notwithstanding the prosecutor's resistance. The trial Judge denied the request ruling that the issuance of immunity is within the discretion of the Attorney General and the district attorney. He held that the court had no authority, on its own, to compel or order immunity for the proposed witness. During the course of the trial the appellant repeated his request for use immunity and the court reiterated its ruling that it had no authority to grant immunity over the objection of the prosecutor.

Use immunity is the prohibition against the use in any criminal proceeding of "testimony or other information compelled under ... order (or any information directly or indirectly derived from such testimony or other information)."[3] *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972); *Riccobene Appeal*, 439 Pa. 404, 268 A.2d 104 (1970). The Commonwealth argues that witness immunity in Pennsylvania is governed by statute.[4]

(5) nor more than ten (10) years imprisonment for Rape. The sentences to run concurrently. All other charges were deemed to have merged for sentencing purposes.

**3.** Use immunity is distinguished from what has come to be known as transactional immunity by the breadth of protection afforded the witness. "[T]ransactional immunity precludes prosecution for any transaction concerning which testimony was compelled, regardless of source. This is broader than the so-called 'use' immunity statute, which forbids further use of compelled testimony or its fruits but would still permit prosecution for the same transaction if the evidence was obtained independently of the compelled testimony." *Riccobene Appeal*, 439 Pa. 404, 268 A.2d 104 (1970).

**4.** 42 Pa.C.S.A. § 5947.

We agree. Whether use immunity for a witness' testimony is an available legal tool in Pennsylvania is for the Legislature to decide. Under the Pennsylvania statute the decision to seek a grant of immunity in any individual case rests within the judgment of the prosecutor. It is up to the executive branch of government to decide when and to whom immunity will be granted. The witness immunity act provides:

(a) **General rule.**—Immunity orders shall be available under this section in all proceedings before:

(1) Courts.

(2) Grand juries.

(3) Investigating grand juries.

(4) The minor judiciary or coroners.

(b) **Request and issuance.**—The Attorney General or a district attorney may request an immunity order from any judge of a designated court, and that judge shall issue such an order, when in the judgment of the Attorney General or district attorney:

(1) the testimony or other information from a witness may be necessary to the public interest; and

(2) a witness has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.

(c) **Order to testify.**—Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding specified in subsection (a), and the person presiding at such proceeding communicates to the witness an immunity order, that witness may not refuse to testify based on his privilege against self-incrimination.

(d) **Limitation on use.**—No testimony or other information compelled under an immunity order, or any information directly or indirectly derived from such testimony or other information, may be used against a witness in any criminal case, except that such information may be used:

(1) in a prosecution under 18 Pa.C.S. § 4902 (relating to perjury) or under 18 Pa.C.S. § 4903 (relating to false swearing);

(2) in a contempt proceeding for failure to comply with an immunity order; or

(3) as evidence, where otherwise admissible, in any proceeding where the witness is not a criminal defendant.

42 Pa.C.S.A. § 5947(a), (b), (c) and (d)[5]. It is clear from section (b) of the Act that the judge to whom a request for immunity is made has no discretion as to whether immunity should or should not be granted. This is entirely within the judgment of the Attorney General or District Attorney. Under the statute, courts have no power to grant immunity except on request of the prosecutor. If the request complies with the Act, then immunity *shall* be granted. In this case, the appellant Johnson sought, under the Immunity Statute, a request from the prosecuting attorney for immunity for the proposed defense witness Jorden. The district attorney declined and the court had no authority to immunize Jorden's testimony absent a request by the prosecutor.[6]

The appellant Johnson argues that quite apart from the Immunity Statute, under the due process [7] and compulsory

5. *Compare;* 18 U.S.C. §§ 6002, 6003.

6. *See,* however, *United States v. Morrison,* 535 F.2d 223, 229 (3rd Cir.1976) where the Third Circuit Court of Appeals said:
   There are circumstances under which it appears due process may demand that the Government request use immunity for a defendant's witness. (citations omitted) Such a circumstance was created in this case when prosecutorial misconduct caused the defendant's principal witness to withhold out of fear of self-incrimination testimony which would otherwise allegedly have been available to the defendant.
   At the new trial, in the event that the defendant calls Sally Bell as a witness, if she invokes her Fifth Amendment right not to testify, a judgment of acquittal shall be entered unless the Government pursuant to 18 U.S.C. §§ 6002, 6003, requests use immunity for her testimony.
   There is no allegation of prosecutorial misconduct in the present case.

7. Fifth and Fourteenth Amendments to the United States Constitution.

process [8] clauses of the U.S. Constitution and the corresponding provisions [9] of the Pennsylvania Constitution, the trial court had the inherent power to order use immunity for the proposed defense witness and failure to do so was error. In support thereof appellant Johnson cites *Virgin Islands v. Smith*, 615 F.2d 964 (3rd Cir.1980) where that court held that in certain cases, judicial use immunity is mandated for defense witnesses even without a request by or the consent of the prosecutor. The court in *Smith* found two situations where a trial court, without prosecutorial agreement, must immunize the testimony of defense witnesses:

First, "When the court finds prosecutorial misconduct by the government's deliberate intent to disrupt the fact-finding process, it should order the government to grant statutory immunity to the defense witness or face a judgment of acquittal." [10]

Second, "[e]ven if there is no evidence of prosecutorial misconduct, when it is found that a potential defense witness can offer testimony which is clearly exculpatory and essential to the defense case and when the government has no strong interest in withholding use immunity, the court should grant judicial immunity to the witness in order to vindicate the defendant's constitutional right to a fair trial".

*Virgin Islands v. Smith*, 615 F.2d at 974. In *Smith*, the Court held:

"[I]n cases where the government can present no strong countervailing interest, a court has inherent au-

8. Sixth Amendment to the United States Constitution.
9. Article 1, Section 9 of the Pennsylvania Constitution.
10. *See: United States v. Morrison*, Note 6, *supra*.

thority to immunize a witness capable of providing clearly exculpatory evidence on behalf of a defendant ..." [11] *Id.*, at 973–974.

The appellant Johnson, citing *Commonwealth v. Negri,* 419 Pa. 117, 213 A.2d 670 (1965) further argues that inasmuch as the U.S. Supreme Court has not ruled on this issue

**11.** Briefs of counsel and our research disclose that outside of the Third Circuit there is little support for the *Smith* holding. The other Federal Circuits generally embrace the long standing principle that a trial court lacks the inherent power to independently bestow use immunity on a defense witness. *See United States v. Drape,* 668 F.2d 22 (1st Cir.1982), (courts have no general power to grant witness immunity); *Grochulski v. Henderson,* 637 F.2d 50 (2nd Cir.1980) cert. denied, 450 U.S. 927, 101 S.Ct. 1383, 67 L.Ed.2d 358 (1981), (no general due process requirement that defense witness immunity must be ordered whenever it seems fair to do so); *United States v. Klauber,* 611 F.2d 512 (4th Cir.1979), cert. denied, 466 U.S. 908, 100 S.Ct. 1835, 64 L.Ed.2d 261 (1980), (no power in district judge to confer immunity himself. At most he could impose sanctions if a witness was not immunized because of prosecutorial misconduct); *United States v. Chagra,* 669 F.2d 241 (5th Cir.1982), ("[A] district court does not possess the statutory, common law, or inherent authority either to grant use immunity to a defense witness over the government's objection or to order the government to do so."); *United States v. Lenz,* 616 F.2d 960 (6th Cir.1980), cert. denied 447 U.S. 929, 100 S.Ct. 3028, 65 L.Ed.2d 1124 (1980), (courts have no inherent power to grant immunity nor do they have the power to compel the prosecutor to immunize defense witnesses.); *United States v. Frans,* 697 F.2d 188 (7th Cir.1983), ("Generally, 'a district court is powerless to direct the government to seek use immunity in order to secure testimony which the defense deems relevant ...'"; "[A] defendant must make a substantial evidentiary showing that the government intended to distort the judicial fact-finding process before we will depart from the strong tradition of deference to prosecutorial discretion."); *United States v. Hardrich,* 707 F.2d 992 (8th Cir.1983), cert. denied —— U.S. ——, 104 S.Ct. 481, 78 L.Ed.2d 679 (1983), ("Although a United States attorney may request immunity it is doubtful that a district judge may order 'judicial immunity' for a reluctant witness in this circuit."); *United States v. Hunter,* 672 F.2d 815 (10th Cir.1982), (courts have no power to independently fashion witness use immunity under the guise of due process). *United States v. Gottesman,* 724 F.2d 1517 (11th Cir.1984), (district courts do not have the power to confer use immunity on a defense witness "simply because [the] witness possesses essential exculpatory information unavailable from other sources.") Compare: *United States v. Lord,* 711 F.2d 887 (9th Cir.1983), (Where prosecutor intentionally distorts the fact-finding process by deliberately causing a defense witness to refuse to testify, then a judgment of acquittal is justified unless the prosecutor consents to grant the witness use immunity.) *See also, United States v. Gullett,* 713 F.2d 1203 (6th Cir.1983).

as presented in *Smith*,[12] we are bound to follow the holding of the Third Circuit Court of Appeals, i.e.: the philosophy of *Virgin Islands v. Smith, supra.* In *Negri*, we said:

> While recognizing that in cases involving federal questions the Supreme Court of the United States is the ultimate arbiter, in view of the widespread confusion in this area of the law and the failure of the Supreme Court to clarify it, the decision of the Third Circuit Court of Appeals is on this matter, for all practical purposes, the ultimate forum in Pennsylvania. If the Pennsylvania courts refuse to abide by its conclusions, then the individual to whom we deny relief need only to "walk across the street" to gain a different result. Such an unfortunate situation would cause disrespect for the law. It would also result in adding to the already burdensome problems of the Commonwealth's trial courts, which look to us for guidance. Finality of judgments would become illusory, disposition of litigation prolonged for years, the business of the courts unnecessarily clogged, and justice intolerably delayed and frequently denied.
>
> Consequently, in order to alleviate and correct a regrettable situation, the clear indication for this Court is to accept and follow the decision of the Third Circuit on this matter until some further word is spoken by the Supreme Court of the United States.

*Commonwealth v. Negri*, 419 Pa. at 122, 213 A.2d at 672.[13] The Superior Court, recognizing the *Negri* rule, said that more than merely being persuaded by the reasoning in

**12.** *But See: Pillsbury Co. v. Conboy*, 459 U.S. 248, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983) where, in deciding that a formerly immunized witness may validly assert his Fifth Amendment privilege when called to give testimony, Justice Powell, writing for the court said: "No court had authority to immunize a witness. That responsibility, as we have noted, is peculiarly an executive one, and only the Attorney General or a designated officer of the Department of Justice has authority to grant use immunity."

**13.** *See also Schreiber v. Republic Intermodal Corp.*, 473 Pa. 614, 620 n. 5, 375 A.2d 1285, 1288 n. 5 (1977).

*Virgin Islands v. Smith,* "we are probably bound by it." [14] We disagree.

While the Third Circuit Court of Appeals decision in *Smith* may be instructive, we need not reach the question of whether we are bound by it. *Smith* must be considered in light of the unusual facts of that case. There the witness, who the defendants wished to call, had previously given a statement to the authorities which implicated himself and implicitly exculpated the defendants. The prosecution knew of the statement and the witness was a juvenile not being tried as an adult codefendant with the defendants wishing to call him. Further, the juvenile authorities who had jurisdiction over the witness were willing to grant him immunity and only withheld it as a courtesy to the U.S. Attorney who, without explanation, opposed immunity. These facts do not appear in the present case. Here the proposed witness, Jorden, had not given a prior statement which tended to exculpate the appellant. In addition, Jorden was an adult co-defendant whose case had been severed for trial. Further, the prosecutor who had jurisdiction to prosecute was unwilling to grant immunity. These crucial facts distinguish the instant case from *Smith.*

Furthermore, *Smith* held that a trial court had inherent authority to grant immunity *only* where there is no strong countervailing governmental interest. We believe a strong countervailing interest is present where the witness for whom immunity is sought is a co-defendant or an actual or potential target of prosecution. The government's burden in subsequently prosecuting a defendant who had previously testified under a grant of use immunity would be substantially enlarged. The prosecutor would also then be obligated to affirmatively show that the evidence he proposes to use against the "immunized" witness/defendant came from a lawful source independent in every way from the compelled testimony. *Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). Where immunity

14. *Commonwealth v. Johnson,* 323 Pa.Super. 33, at 40, 470 A.2d 115, at 118 (1983).

is sought for a co-defendant or co-conspirator there is a strong incentive for abuse.

"[T]he witness, because of immunity, is in no worse a legal position for having testified, and because of the heavy burden on the government to prove lack of taint, the witness in practice may improve his legal position."

*United States v. Thevis*, 665 F.2d 616 (5th Cir.1982).

"Co-defendants could secure use immunity for each other, and each immunized witness could exonerate his co-defendant at a separate trial by falsely accepting sole responsibility for a crime, secure in the knowledge that his admission could not be used at his own trial for the substantive offense. The threat of a perjury conviction, with penalties frequently far below substantive offenses, could not be relied upon to prevent such tactics. Moreover, this maneuver would substantially undermine the opportunity for joint trials, with consequent expense, delay and burden upon disinterested witnesses and the judicial system."

*United States v. Turkish*, 623 F.2d 769, 775 (2nd Cir.1980). If trial judges are required to examine requests of defendants that use immunity should be granted to prospective co-defendant witnesses who would otherwise invoke their right to remain silent under the Fifth Amendment, the risk of abuse is substantial. As Circuit Judge Lumbard said in his dissent in *Turkish:*

Let us suppose the prosecutor has indicted five defendants. Each one could claim that one or more of his co-defendants would, if granted use immunity, give testimony favorable to his defense. There would then be five separate trials, as it would be difficult for the judge to find that the defendant's claim is groundless. To prosecute five separate trials the prosecutor's office would have to create five separate and completely different staffs of attorneys to insulate the prosecutor from any later claim that some use had in fact been made of testimony given by the defendant when he was a witness for a co-defendant at an earlier trial.

*United States v. Turkish,* 623 F.2d 769, 779 (2nd Cir.1980) (Dissenting Opinion, Lumbard, J.)

In the present case, the proposed defense witness for whom immunity was sought—Jorden—was a co-defendant of the appellant Johnson. Each was charged with and about to be tried for the same offenses. The Commonwealth had a strong interest in prosecuting both the appellant and Jorden and it refused to go along with the immunity request. Therefore, for the reasons set forth, we hold that the trial court was correct in concluding that it lacked inherent power to grant judicial use immunity to the co-defendant. Although, by our holding, we overrule the Superior Court holding that the lower court had the inherent power to grant use immunity to a defense witness without the consent of the prosecutor, we nevertheless affirm its order which affirmed the denial of immunity in this case.

The order of the Superior Court is affirmed.

NIX, C.J., filed a concurring opinion.

NIX, Chief Justice, concurring.

Although I agree that under the facts of the instant case the majority correctly concluded it was proper to deny use immunity for the defense witness, I cannot agree with the majority's conclusion that under no circumstances does a court have the power to grant such immunity. Certainly courts, as the very arbiters of justice, have the power to effectuate due process when faced with blatant prosecutorial misconduct or the possibility that an innocent defendant will be convicted. When faced with such situations courts must be able to fashion a remedy to accord a fair trial.

I.

As recognized by the Third Circuit in *United States v. Morrison,* 535 F.2d 223 (3d Cir.1976), "[t]here are circumstances under which it appears due process may demand that the government request use immunity for a defendant's witness." *Id.* at 229 (citations omitted). So, too, there

are circumstances under which it appears due process mandates that the court, absent prosecutorial demand, grant use immunity for a defendant's witness. This concept was firmly set out in *Virgin Islands v. Smith*, 615 F.2d 964 (3d Cir.1980), where it was stated:

> But while we think that the court has no power to order a remedial grant of statutory immunity to a defense witness absent a showing of unconstitutional abuse, *a case might be made that the court has inherent authority to effectuate the defendant's compulsory process right by conferring a judicially fashioned immunity upon a witness whose testimony is essential to an effective defense.*

*Id.* at 969 (emphasis added), *citing United States v. Herman,* 589 F.2d 1191, 1204 (3d Cir.1978), *cert. denied* 441 U.S. 913, 99 S.Ct. 2014, 60 L.Ed.2d 386 (1979).*

The *Virgin Islands* court, *citing United States v. Herman, supra* at 1204, thus set out two remedies available to courts when the due process clause might compel the granting of immunity to defense witnesses:

> First, . . . where government actions denying use immunity to defense witnesses were undertaken with the "deliberate intention of distorting the judicial fact finding process," the court has the remedial power to order acquittal unless on retrial the government grants statutory immunity. . . . Second . . . in certain cases a court may have "inherent authority to effectuate the defendant's compulsory process right by conferring a judicially fashioned immunity upon a witness whose testimony is essential to an effective defense."

615 F.2d at 966.

* The Supreme Court of the United States has never addressed the issue of a court's inherent authority to grant use immunity under the due process rationale. *Pillsbury Co. v. Conboy,* 459 U.S. 248, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983), which is cited by majority in note 12, merely holds that the court under the statutory language in 18 U.S.C. §§ 6001–6005 has no authority to immunize a witness.

40

I believe the *Virgin Islands* standard allows courts to promote due process without unduly intruding into the realm of the executive.

## II.

In the instant case, however, there was no evidence of distortion of the trial process nor any showing that the defense witness would offer testimony which would clearly exculpate appellant. Furthermore, here the government had a strong interest in withholding use immunity. The defense witness was a co-defendant in the case who had successfully severed his trial from that of appellant. If immunized the witness might have given false testimony, leading to appellant's acquittal. To grant use immunity in such a situation would be a disservice to the public interest.

I agree, therefore, with the Superior Court that we should adopt the standard set out in *Virgin Islands v. Smith, supra,* and that, in the instant case, the defense did not demonstrate that its witness was entitled to use immunity.