504 A.2d 321

**In the Interest of Leo WHALEY, a Child.**

**Appeal of Leo WHALEY.**

Superior Court of Pennsylvania.

Submitted June 4, 1985.

Filed Jan. 31, 1986.

214

Irene H. Cotton, Philadelphia, for appellant.

Before WICKERSHAM, BROSKY and TAMILIA, JJ.

BROSKY, Judge:

The appeal is from the disposition ordered by the court below after it adjudicated appellant delinquent. Appellant contends that the trial court erred in refusing to grant use immunity to two of his witnesses. We disagree with appellant, and, accordingly, affirm the order of the hearing court.

In January of 1984, a bicycle was stolen from in front of a store at 9th and Christian Streets in Philadelphia. Two months later, the owner of this bicycle complained to police

that the bicycle being ridden by the appellant was in fact his. As a result of this complaint, appellant was arrested by Philadelphia police. An examination of the bicycle revealed that it was, in fact, the one stolen in January. In a statement to police appellant admitted stealing the bicycle three or four months earlier from a residence on Seventh Street. Based on this statement, appellant was charged with theft and receiving stolen property.

Before the adjudicatory hearing, appellant petitioned the court to grant immunity to his two prospective defense witnesses, his brother and his mother. An offer of proof was made at that time to the effect that if the appellant's brother were to testify he would admit to stealing the bicycle and giving it to his mother so that she could give it to the appellant as a present; and that appellant's mother would testify that she paid appellant's brother $15 for the bicycle and gave it to appellant without telling him that anyone had stolen it.

At the adjudicatory hearing appellant's brother voluntarily testified without immunity. His mother, after answering one question about the bicycle, refused to answer any further question on the basis that she would have to incriminate herself. At the conclusion of the hearing, appellant was acquitted of theft, but adjudicated delinquent on the charge of receiving stolen property and placed on probation. This appeal timely followed.

Appellant argues that the court below erred in not granting his mother and brother use immunity. We note initially that this issue is moot as to appellant's brother since he did, in fact, testify at the hearing. Therefore, we will consider the issue raised by appellant only in the context of his mother's refusal to testify.

Appellant acknowledges the fact that the statute governing witness immunity, 42 Pa.C.S. § 5947, requires that the district attorney request an immunity order from the court [1]

1. Section 5947 provides in relevant part as follows:
    (b) Request and issuance.—The Attorney General or a district attorney may request an immunity order from any judge of a

and the fact that appellant never sought immunity pursuant to the statute.

However, he argues that the court below should nevertheless have granted him immunity under the holding of *Virgin Islands v. Smith,* 615 F.2d 964 (3rd Cir.1980).

In *Smith,* the Third Circuit held that under the due process clause [2] of the United States Constitution, a trial court has the inherent power to order use immunity for defense witnesses even without a request by or the consent of the prosecutor. The *Smith* Court found two situations in which due process requires a trial court, without prosecutorial agreement, to immunize the testimony of defense witnesses:

> When the court finds prosecutorial misconduct by the government's deliberate intent to disrupt the factfinding process, it should order the government to grant statutory immunity to the defense witness or face a judgment of acquittal. In addition, even if there is no evidence of such prosecutorial misconduct, when it is found that a potential defense witness can offer testimony which is clearly exculpatory and essential to the defense case and when the government has no strong interest in withholding use immunity, the court should grant judicial immunity to the witness in order to vindicate the defendant's constitutional right to a fair trial.

*Id.* at 974.

The Commonwealth's response to appellant's argument is that our Supreme Court held in *Commonwealth v. Johnson,* 507 Pa. 27, 487 A.2d 1320 (1985), that a trial court lacks

> designated court, and that judge shall issue such an order, when in the judgment of the Attorney General or district attorney:
> (1) the testimony or other information from a witness may be necessary to the public interest; and
> (2) a witness has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.

**2.** U.S. Const. Amend. XIV.

the power to grant a defense witness use immunity without prosecutorial consent. We disagree with the Commonwealth that the holding of *Johnson* was so broad.

While the *Johnson* court did hold that, generally, use immunity in Pennsylvania is governed by statute and, under that statute courts have no power to grant immunity except on request of the prosecutor, it expressly declined to reach the question of whether it was bound by the Third Circuit's decision in *Smith* that a court does have the inherent power to grant use immunity in the situations described in *Smith*. The *Johnson* court explained that it need not reach that question because the case before it was factually distinguishable from *Smith*.

■ We, likewise, need not decide whether we are bound by *Smith* because we also conclude that the case before us is factually distinguishable from *Smith*.[3] In other words, even if we were bound by *Smith*, we do not find that either of the situations in which *Smith* held that a court had the power to grant immunity without the consent of the prosecutor is present in the case *sub judice*.

3. Although we do not find it necessary to determine whether we are bound by the Third Circuit's decision in *Smith*, we do take note, as did the *Johnson* court, of the Supreme Court's comments in *Commonwealth v. Negri*, 419 Pa. 117, 122, 213 A.2d 670, 672 (1965):

While recognizing that in cases involving federal questions the Supreme Court of the United States is the ultimate arbiter, in view of the widespread confusion in this area of the law and the failure of the Supreme Court to clarify it, the decision of the Third Circuit Court of Appeals is on this matter, for all practical purposes, the ultimate forum in Pennsylvania. If the Pennsylvania courts refuse to abide by its conclusions, then the individual to whom we deny relief need only to "walk across the street" to gain a different result. Such an unfortunate situation would cause disrespect for the law. It would also result in adding to the already burdensome problems of the Commonwealth's trial courts, which look to us for guidance. Finality of judgments would become illusory, disposition of litigation prolonged for years, the business of the courts unnecessarily clogged, and justice intolerably delayed and frequently denied. Consequently, in order to alleviate and correct a regrettable situation, the clear indication for this Court is to accept and follow the decision of the Third Circuit on this matter until some further word is spoken by the Supreme Court of the United States.

The fact situation in which *Smith* would require the trial court to grant immunity is when it finds a deliberate intent by the government to disrupt the factfinding process. In the instant case, there is absolutely no evidence of such prosecutorial misconduct.

The second situation set forth in *Smith* is where a potential defense witness can offer clearly exculpatory testimony which is essential to the defense case and the government has no strong countervailing interest. In *Johnson,* our Supreme Court held that "a strong countervailing interest is present where the witness for whom immunity is sought is a co-defendant or an actual or potential target of prosecution." *Id.,* 507 Pa. at 36, 487 A.2d at 1325. The Commonwealth argues that it had such an interest in the case before us and we agree the record is clear that appellant's mother was, at the very least, a potential target of prosecution.[4]

■ Since neither of the situations described in *Smith* are present in the instant case, we conclude that the trial court was correct in refusing to grant immunity to appellant's mother without the consent of the prosecutor. Therefore, we will affirm the order of the trial court.

Order affirmed.

TAMILIA, J., concurs in the result.

4. We recognize that under the Supreme Court's interpretation of the term "countervailing interest" it is difficult to imagine a case in which a defense witness desires immunity and can offer clearly exculpatory and essential testimony and in which the government would not have a strong "countervailing interest." Nevertheless, we must, of course, abide by the interpretation of *Smith* given by our Supreme Court.