507 A.2d 872

**COMMONWEALTH of Pennsylvania**

v.

**John BAKER, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 17, 1986.

Filed April 14, 1986.

Cynthia C. Martelli, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, JOHNSON and LIPEZ, JJ.

LIPEZ, Judge:

In a non-jury trial, defendant was convicted of burglary, conspiracy, and criminal trespass. The trial court denied defendant's post-verdict motions and imposed a sentence of two to ten years imprisonment for burglary (defendant received a suspended sentence on the conspiracy charge). Defendant failed either to petition the court to reconsider his sentence or to take a direct appeal. He subsequently filed a *pro se* petition under the Post Conviction Hearing Act (PCHA), which was later amended by new counsel and denied by the PCHA court after a hearing. In this appeal defendant claims that (1) his trial counsel was ineffective

for failing to file an appeal raising the issues of (a) the adequacy of the trial court's statement of reasons at sentencing and (b) the sufficiency of the evidence; and (2) the PCHA court erred in reversing its initial order granting judicially fashioned use immunity to Manfred Turner, a potential defense witness. We affirm.

■ In *Commonwealth v. Sweitzer*, 261 Pa.Super. 183, 191, 395 A.2d 1376, 1380–81 (1978), this court explained that

> ... a PCHA petitioner has the burden of establishing his grounds for postconviction relief.... In particular, the burden of establishing ineffectiveness of trial counsel is on appellant.... The PCHA court has discretion to disbelieve testimony; thus, self-serving or uncorroborated statements on petitioner's behalf do not shift and do not necessarily sustain petitioner's burden of proof, even when the Commonwealth presents no rebuttal evidence.

At the PCHA hearing, defendant asserted that he asked trial counsel (orally and by letter) to file an appeal on his behalf, and counsel agreed to do so. Defendant's trial counsel testified that while she had no specific recollection of the case (which was tried five years earlier), it was her normal practice to ask the client whether he wanted her to file an appeal and, if he did, to write a memorandum and refer the case to the appellate division of her office. Counsel further testified that her review of defendant's file revealed neither a memorandum nor a letter from defendant asking her to file an appeal.

The PCHA court found defendant's assertions to be "totally unworthy of belief." Based on this finding and trial counsel's testimony, the court concluded that defendant knowingly, intelligently and voluntarily waived his appellate rights. "In reviewing the PCHA court's determination, our task is not to engage in *de novo* evaluation of testimony." *Commonwealth v. Lutz*, 492 Pa. 500, 506, 424 A.2d 1302, 1305 (1981). Accordingly, we will not disturb the PCHA court's determination that defendant voluntarily waived his right to appeal.

■ Even if we were to find that counsel was ineffective for failing to file an appeal, the issues which defendant claims should have been raised are meritless. Defendant alleges that the trial court's statement of reasons for sentence was inadequate. We disagree. After the prosecutor read from the pre-sentence report that defendant's prior criminal record included sixteen arrests, thirteen convictions, and twelve parole violations, the court stated that it considered defendant's "long, long history" of criminal activity, and noted that defendant has "been given time after time opportunity and there has to be an end." The record also discloses that the court considered the nature of the present offense (burglary), stating that it was not a particularly violent crime, though the court noted that there was "some violence" in defendant's background. The court further stated that it considered the probation officer's statement with regard to defendant's "cooperative" behavior. This statement of reasons clearly demonstrates that the court considered factors specified in the sentencing code. "[T]he statement of the court at the sentencing proceedings need not specifically cite or include the language of the sentencing code, it must only demonstrate that the court has considered the factors specified in the code." *Commonwealth v. Kane*, 315 Pa.Super. 212, 221, 461 A.2d 1246, 1251 (1983), *reh'g denied* (1983), *petition for allowance of appeal denied* (1984). Since this issue is meritless, counsel could not be held ineffective for failing to appeal it. *Commonwealth v. Garvin*, 335 Pa.Super. 560, 485 A.2d 36 (1984).

■ Defendant also claims that counsel was ineffective for failing to appeal the issue of the sufficiency of the evidence. However, since this issue was not raised in defendant's amended PCHA petition nor in the supplement to the amended PCHA petition, it has been waived. *Commonwealth v. Hankins*, 261 Pa.Super. 264, 396 A.2d 389 (1978).

■ Defendant's final claim is that the PCHA court erred in reversing its earlier grant of judicially fashioned use

immunity to Manfred Turner, a potential defense witness. During the PCHA hearing, the court granted defendant's request for a continuance in order to prepare a petition to compel judicially fashioned immunity. In his petition, defendant alleged the following: that Mr. Turner was available to testify, but would exercise his right against self-incrimination unless granted use immunity; that if granted immunity, Turner would testify "that there was no burglary, that he went to the alleged victim's house solely for the purpose of a drug transaction between himself and the victim, that the petitioner [defendant] waited outside, and that when a disagreement in connection with the transaction arose, the victim pulled a knife on Mr. Turner, as a result of which, he, and then the petitioner fled;" that this testimony was essential to defendant's case in that it was the only way to prove that trial counsel was ineffective for failing to call Mr. Turner as a witness; and finally, that there was no strong governmental interest countervailing a grant of immunity. The PCHA court subsequently granted use immunity to Mr. Turner, but prior to receiving his testimony reversed its decision due to our Supreme Court's ruling in *Commonwealth v. Johnson*, 507 Pa. 27, 487 A.2d 1320 (1985). Defendant contends that the court's reasoning in *Johnson* did not compel a reversal of the grant of immunity and, alternatively, that the PCHA court erred generally in applying *Johnson* retrospectively, and erred specifically in reversing its initial order in violation of the thirty-day rule of 42 Pa.C.S. § 5505.

In *Johnson*, the Supreme Court, while affirming the result of a decision by a panel of this court,[1] overruled the court's holding that lower courts had an "inherent power" to grant use immunity to a defense witness without the prosecutor's consent. The panel court's recognition of this inherent power to grant use immunity to witnesses was based on its reading of the Third Circuit Court of Appeals' decision in *Virgin Islands v. Smith*, 615 F.2d 964 (3d Cir.1980). Former President Judge Spaeth, who authored

---

1. *Commonwealth v. Johnson*, 323 Pa.Super. 33, 470 A.2d 115 (1983).

the panel decision, explained that not only was the reasoning of *Smith* persuasive, but "we are probably bound by it." The Supreme Court, in *Johnson,* disagreed, holding that it was for the legislature to decide whether use immunity for a witness' testimony is an available tool, and that the legislature placed that tool in the hands of prosecutors, not courts. The court analyzed the immunity act, 42 Pa. C.S. § 5947, and determined that "[u]nder the statute, courts have no power to grant immunity except on request of the prosecutor." *Commonwealth v. Johnson, supra,* 507 Pa. at 32, 487 A.2d at 1322. The court rejected the argument that it was bound by the reasoning and decision of *Smith,* explaining that *Smith's* application was limited to the "unusual facts of that case." *Commonwealth v. Johnson, supra,* 507 Pa. at 36, 487 A.2d at 1324. Indeed, one of the "crucial" facts of *Smith,* according to the Supreme Court, was that the prosecutor who had jurisdiction over the witness was willing to grant immunity. In *Johnson* and in our case, the prosecutors were unwilling to grant immunity to the witness. Our reading of *Johnson* indicates, contrary to defendant's assertion, that our Supreme Court has not recognized any inherent power of courts to grant use immunity to witnesses without the consent of the prosecutor.[2]

*Johnson* was decided after the PCHA court's initial grant of immunity to Turner, but prior to his giving any testimony. Upon learning of the *Johnson* ruling, the PCHA court reversed the initial order and refused to grant immunity to Turner. Since Turner had yet to avail himself of the initial grant of immunity, we think it was reasonable and proper for the PCHA court to reverse its original order to comply with the recent ruling of the Supreme Court.

■ Finally, we reject defendant's claim that the PCHA court was barred from modifying or rescinding the initial

2. Chief Justice Nix recognized this when he wrote a separate concurring opinion to voice his disagreement with the majority on this point: "I cannot agree with the majority's conclusion that under no circumstances does a court have the power to grant such immunity." *Commonwealth v. Johnson, supra,* 507 Pa. at 38, 487 A.2d at 1326 (NIX C.J., concurring).

immunity order beyond the thirty-day period established in 42 Pa.C.S. § 5505.[3] We believe that the order in question was clearly interlocutory as it did not finally dispose of the PCHA petition and did not have any aspect of finality.[4] We are further of the opinion that the thirty-day limitation of section 5505 applies only to final orders. Section 5505 substantially reenacts 12 P.S. § 1032, which our Supreme Court held applicable only to final orders. *Commonwealth v. Bowden,* 456 Pa. 278, 282 n. 3, 309 A.2d 714, 717 n. 3 (1972). *See also Commonwealth v. Parker,* 305 Pa.Super. 516, 525–528, 451 A.2d 767, 771–773 (1982) (Lipez, J., concurring). Therefore, the PCHA court was not legally barred from reconsidering and rescinding its initial order after thirty days from the time of its entry.

Order affirmed.

---

**3.** This statute provides: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."

**4.** The Post Conviction Hearing Act states that the order "finally disposing" of the PCHA petition "constitutes a final judgment for purposes of review." 42 Pa.C.S. § 9550(b). The Rules of Appellate Procedure allow for interlocutory appeals as of right in "certain situations where the order has a final aspect." Pa.R.A.P. 311 and note that follows.