583 A.2d 1162

**COMMONWEALTH of Pennsylvania**

v.

**John Thomas PARKER, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 9, 1990.

Filed Dec. 3, 1990.

Reargument Denied Jan. 14, 1991.

Petition for Allowance of Appeal
Granted March 18, 1991.

Robert B. McGuinness, Towanda, for appellant.

Robert Fleury, Asst. Dist. Atty., Troy, for Com., appellee.

Before ROWLEY, BECK and BROSKY, JJ.

BROSKY, Judge.

John Parker appeals from the judgment of sentence of the trial court entered March 6, 1990, revoking his parole and ordering him to complete the term of imprisonment imposed on April 3, 1989. On March 13, 1989, he pled guilty to driving under the influence of alcohol. On April 3, 1989, appellant was sentenced to a term of imprisonment of

forty-five days to twenty-three months and twenty-nine days. On May 26, 1989, appellant was granted parole;[1] he was released from prison on May 30, 1989. On December 29, 1989, the Bradford County Probation Office filed a Petition for Reconsideration of Parole, alleging that appellant had been observed consuming alcoholic beverages in violation of his parole. On March 6, 1990, following a *Gagnon II*[2] hearing, appellant's parole was revoked and he was remanded to prison to complete the sentence imposed on April 3, 1989. Appellant filed an appeal to this court on April 3, 1990. Appellant filed a Petition for Parole in the trial court which was granted on May 30, 1990; he was released from prison on June 16, 1990 and is currently on parole.

Appellant claims on appeal that the trial court erred in revoking his May 26, 1989 parole. We affirm.

In an unrelated incident, on December 5, 1989, appellant's brother, Leslie Parker, shot appellant in the leg. Criminal charges were filed against Leslie. Appellant received a subpoena and appeared on December 21, 1989 for Leslie's preliminary hearing; appellant was to testify as a Commonwealth witness. Appellant initially invoked his Fifth Amendment right against self-incrimination. The District Attorney offered appellant a grant of immunity in exchange for his testimony.[3] The testimony at the *Gagnon*

---

1. One of the conditions of appellant's parole was that he "abstain absolutely from the use of alcohol...." Parole Order, May 26, 1989.

2. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

3. Pursuant to 42 Pa.C.S. § 5947, only the court (in the instant case a district magistrate) can issue an order granting "use immunity" (§ 5947 does not indicate that "transactional immunity" is available to witnesses in Pennsylvania). The order is issued in response to a request from the district attorney or Attorney General. In the instant case the district attorney never made such a request and the district magistrate never issued an immunity order to appellant. Therefore, the district attorney had no authority to grant appellant any type of immunity and wrongfully informed appellant that he was testifying pursuant to an immunity order. The district magistrate, who was not an attorney, was not aware that the district attorney did not possess the authority to grant immunity to appellant. The district magistrate believed that the grant of immunity was proper.

*II* hearing indicated that appellant was told once that he was being offered "use immunity."[4] N.T., 3/6/90. The district attorney testified at the *Gagnon II* hearing that he stated to appellant that he was, "granting him immunity." N.T., 3/6/90, at 15–16. Therefore, the district attorney used the singular word "immunity" to appellant on at least one occasion. Appellant then testified and his testimony revealed that he had consumed alcoholic beverages while on parole.

■ Appellant specifically claims that pursuant to *Commonwealth v. Kaye*, 232 Pa.Super. 506, 335 A.2d 426 (1975), the trial court erred in rejecting appellant's affirmative defense of estoppel to a finding that appellant violated his parole. The court in *Kaye* held that, *"Perhaps* ... assurances [that a person receiving immunity would not be prosecuted] would raise an estoppel, but estoppel is not a bar to prosecution; it is at most an affirmative defense, which a defendant may invoke on due process grounds." *Id.*, 232 Pa.Superior Ct. at 511, 335 A.2d at 428 (Emphasis added). *Kaye* cited *Cox v. Louisiana*, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965), and *Raley v. Ohio*, 360 U.S. 423, 79 S.Ct. 1257, 3 L.Ed.2d 1344 (1959), in support of the proposition that a defendant may invoke the defense on due process grounds. Appellant also avers that since he was unrepresented by counsel at his brother's preliminary hearing, "it would not be realistic to attribute to a layman the ability to discern between use immunity and transactional immunity." Appellant's Brief at 9. We must now

4. Use immunity prohibits the use in any criminal proceeding of testimony or any other information compelled under an immunity order, or any information directly or indirectly derived from such testimony or information. *Commonwealth v. Johnson*, 507 Pa. 27, 487 A.2d 1320 (1985). Use immunity is distinguished from transactional immunity by the breadth of protection afforded the witness. *Id.* "Transactional immunity precludes prosecution for any transaction concerning which testimony was compelled, regardless of source. This is broader than the so-called 'use' immunity statute, which forbids further use of compelled testimony or its fruits but would still permit prosecution for the same transaction if the evidence was obtained independently of the compelled testimony." *Id.*, 507 Pa. at 30, n. 3, 487 A.2d at 1321–22, n. 3. Appellant averred in his appellate brief that he believed at the time of his brother's preliminary hearing that he was offered the equivalent of transactional immunity, yet he has presented no evidence to support that position.

decide if the defense of estoppel should have precluded a finding that appellant violated his parole.

We note that appellant has admitted that he consumed alcohol in violation of his parole; we are only deciding if his reliance on a promise of "immunity" should estop a revocation of parole. We will give appellant the benefit of the doubt and assume that he did not know the difference between "use immunity" and "transactional immunity." Let us assume that he believed that his testimony regarding alcohol consumption would not lead to a revocation of his parole.

*Cox v. Louisiana, supra,* and *Raley v. Ohio, supra,* cited in *Commonwealth v. Kaye, supra,* are distinguishable from the instant case. The United States Supreme Court in *Cox* reversed convictions of breach of the peace and obstructing public passages because of the vagueness and unlimited discretion granted to officials in the Louisiana statutes relied upon. In *Raley,* the same court reversed convictions of three defendants for refusal to answer questions at a state legislative inquiry; the defendants were previously informed by the state that they had the right to rely upon the privilege against self-incrimination but were not told that an Ohio immunity statute deprived them of the protection of the privilege. We do not see the relevance of *Cox* to the instant case. *Raley* is distinguishable since the defendants in that case were prosecuted *solely* because of their good faith reliance upon governmental assurances that they could assert the privilege against self-incrimination. In the instant case, there was no mention of appellant's December 21, 1989 preliminary hearing testimony at the *Gagnon II* hearing. The evidence relied upon to revoke appellant's parole came from sources independent of appellant's testimony pursuant to the alleged grant of immunity. As mentioned, *supra,* appellant's preliminary hearing testimony occurred on December 21, 1989. At the *Gagnon II* hearing Pennsylvania State Police Officer Anthony Morelli

testified that he observed appellant on three occasions on December 5, 1989: At 12:15 p.m., Officer Morelli observed appellant and smelled beer on his breath. N.T., 3/6/90, at 5. At 5:00 p.m., at Leslie Parker's preliminary arraignment, Officer Morelli detected the odor of alcohol on appellant's breath and found appellant to be "in an intoxicated state." *Id.* That same evening Officer Morelli observed appellant consume a can of beer at his house. *Id.* at 6. Appellant then offered Morelli a beer. This testimony was the only evidence adduced at the *Gagnon II* hearing regarding appellant's violation of parole. The Commonwealth had no need to and did not rely upon appellant's alleged immunized testimony when it filed a Petition for Reconsideration of Parole. Appellant's parole was going to be revoked whether or not he testified at his brother's preliminary hearing. The instant case is dissimilar from *Raley* since the alleged grant of immunity in the instant case did not lead to the resulting governmental action of parole revocation (the governmental action in *Raley* of telling witnesses that they could assert the privilege against self-incrimination while failing to inform them that an Ohio immunity statute negated that privilege *did* eventually directly result in contempt convictions for the three defendants in that case). The governmental errors committed in *Raley* certainly prejudiced the appellants in that case, but the error regarding the grant of immunity in the instant case did not effect a prejudicial result. Hence, appellant has not shown that the affirmative defense of estoppel should bar, on due process grounds, the revocation of his parole. Therefore, the trial court properly found that appellant had violated the May 26, 1989 parole order and revoked appellant's parole.

Judgment of sentence affirmed.

BECK, J., concurs in the result.