611 A.2d 199

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**John Thomas PARKER, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 4, 1992.

Decided June 17, 1992.

Robert B. McGuinness, Towanda, for appellant.

Robert G. Fleury, Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

This is an appeal from the Superior Court's Order affirming a Bradford County Common Pleas Court's Order entered March 6, 1990, revoking appellant's parole and ordering him to complete the term of imprisonment imposed on April 3, 1989. On April 3, 1989, appellant was sentenced to a term of imprisonment of forty-five days to twenty-three months and twenty-nine days for pleading guilty to driving under the influence of alcohol. On May 26, 1989, appellant was granted parole and was released from custody on May 30, 1989. One

of the conditions of appellant's parole was that he "abstain absolutely from the use of alcohol. . . ." Parole Order, May 26, 1989.

On December 5, 1989, in an unrelated incident, appellant was involved in an altercation which resulted in appellant being shot in the leg by his brother. Appellant was subpoenaed to testify at his brother's preliminary hearing. When called to testify, appellant initially invoked his right against self-incrimination under the Fifth Amendment. The district attorney offered appellant use immunity in exchange for his testimony. In reliance upon the district attorney's statements, appellant testified.[1] During the course of his testimony appellant admitted that he had consumed alcohol on the day of the shooting. On December 29, 1989, the Bradford County Probation Office filed a Petition for Reconsideration of Parole, alleging that appellant had been "observed" consuming alcohol in violation of his parole. On March 6, 1990, a *Gagnon II* hearing was held.[2] Based upon evidence obtained *independently* of appellant's preliminary hearing testimony, appel-

---

1. The district attorney had no authority to grant appellant immunity. Pursuant to 42 Pa.C.S.A. § 5947, the district attorney must request from the court an order granting immunity. The statute provides in relevant part:

 [A] district attorney *may request an immunity order from any judge* of a designated court, *and that judge shall issue such an order,* when in the judgment of the ... district attorney:

 (1) the testimony or other information from a witness may be necessary to the public interest; and

 (2) a witness has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.

 42 Pa.C.S.A. § 5947(b) (emphasis added).

 In this case, a request was never made and an order was never issued. Therefore, it was under a defective grant of immunity that appellant testified. See, *Commonwealth v. Johnson,* 507 Pa. 27, 487 A.2d 1320 (1985).

2. Appellant previously waived a *Gagnon I* hearing. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In *Gagnon,* the United States Supreme Court held that due process requires that a probationer, like a parolee, be given a preliminary (*Gagnon I* ) and a final (*Gagnon II* ) hearing prior to revoking probation. *See Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (regarding parole revocations).

lant's parole was revoked and he was remanded to the Bradford County Correctional Facility on the original sentence. It is from the Superior Court's order affirming the Bradford County Common Pleas Court's order revoking appellant's parole that appellant now appeals.[3]

 Appellant contends that the trial court erred in revoking his May 26, 1989 parole. Specifically, he claims that the court erred in rejecting his affirmative defense of "estoppel of prosecution." See, *Commonwealth v. Kaye*, 232 Pa.Super. 506, 335 A.2d 426 (1975). (Superior Court indicated estoppel of prosecution defense may be recognized in certain situations). Appellant contends that the immunity promised him, albeit defective, should estop the Commonwealth from prosecuting his parole violation. However, we need not decide whether a defective grant of immunity would estop the Commonwealth from prosecuting a parole violation because, in this case, even a perfect grant of immunity would not preclude the Commonwealth from prosecuting appellant *with evidence wholly independent* of his compelled testimony.

 It is generally recognized that there are two types of immunity, transactional and use immunity. Transactional immunity precludes prosecution for any transaction concerning which testimony was compelled, regardless of its source. *Commonwealth v. Johnson*, 507 Pa. 27, 30 n. 3, 487 A.2d 1320, 1321 n. 3 (1985); *Riccobene Appeal*, 439 Pa. 404, 411–412, 268 A.2d 104, 109 (1970). Use immunity, which is not as broad as transactional immunity, prohibits the use or derivative use of any compelled testimony. *Commonwealth v. Johnson*, 507 Pa. at 30, 487 A.2d at 1321; *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). Use immunity, however, does not prohibit prosecution for all crimes arising out of the transaction testified to, if the evidence is obtained independently of the compelled testimony. *Riccobene Appeal*, 439 Pa. at 412, 268 A.2d at 109.

**3.** Subsequently, appellant petitioned the Common Pleas Court and was again granted parol on May 30, 1990; he was released from custody on June 16, 1990.

94

■ In Pennsylvania the witness immunity statute provides for only use immunity. 42 Pa.C.S.A. § 5947. All that the district attorney offered appellant in this case was use immunity.[4] Since use immunity permits prosecution for the same transaction if the evidence is obtained wholly independently of the compelled testimony, the Commonwealth is not barred from prosecuting appellant for his parole violation, because the evidence the Commonwealth presented at appellant's *Gagnon II* hearing was not derived directly or indirectly from the immunized testimony or its fruits. In fact, there was no mention of appellant's preliminary hearing testimony at the *Gagnon II* hearing. At the *Gagnon II* hearing, Pennsylvania State Trooper Anthony Morelli testified that while investigating the shooting incident, he observed petitioner consuming alcohol on three occasions on December 5, 1989. (N.T. 3/6/90, p. 4–6). This knowledge of appellant's parole violation was obtained, not only independently of appellant's testimony at his brother's preliminary hearing, but was also obtained *prior to* the testimony. Appellant cannot now complain that the Commonwealth is estopped, on due process grounds, from prosecuting him with independent evidence, regardless of the fact that he relied upon the district attorney's promise of immunity, since his purported immunized testimony was not used against him. Appellant is in no worse position now than if he had never testified.

Accordingly, we find that the appellant's parole was properly revoked, and affirm the order of the Superior Court.

NIX, C.J., files a dissenting opinion.

NIX, Chief Justice, dissenting.

I dissent. I am not satisfied that the record in this matter satisfactorily establishes that the subsequent investigation and revocation of Appellant's parole were not derived from the fruits of Appellant's own allegedly immunized statements. I believe it to be highly suspect that an offer of use immunity

4. A tape of the preliminary hearing played at appellant's *Gagnon II* hearing, and made a part of the record, demonstrates that the district attorney offered appellant only use immunity. (N.T. 3/6/90, p. 27–28).

was necessary, albeit defective, when the Commonwealth was in possession of independent observations evidencing Appellant's drinking. This being the case, that separate piece of incriminating evidence should have also fallen under the protective shield of the grant of immunity. Accordingly, I do not believe that the "independently obtained evidence" exception in *Riccobene Appeal,* 439 Pa. 404, 268 A.2d 104 (1970), relied upon by the majority, applies. Therefore, I would reverse the Superior Court's affirmance of Appellant's parole revocation.