642 A.2d 504

COMMONWEALTH of Pennsylvania, Appellee

v.

Patricia Ann SWINEHART

Appeal of Thomas DEBLASE.

Superior Court of Pennsylvania.

Argued March 16, 1994.

Filed May 24, 1994.

Petition for Allowance of Appeal Granted Oct. 21, 1994.

Samuel C. Stretton, West Chester, for appellant.

Mary M. Killinger, Exec. Asst. Dist. Atty., Norristown, for Com., appellee.

Before BECK, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge.

This is an appeal from the judgment of sentence entered on January 19, 1994, in the Court of Common Pleas of Montgomery County holding appellant in criminal and civil contempt for his refusal to testify. We affirm.

The record reveals that in January of 1994, the Commonwealth served a subpoena on appellant for the purpose of seeking his testimony in the trial of Patricia Ann Swinehart, appellant's co-defendant in a capital murder case. Thereafter, appellant filed a motion to quash that subpoena and to deny the grant of immunity. On January 19, 1994, the lower court held a hearing on appellant's claim that statutory use immunity pursuant to 42 Pa.C.S.A. § 5947, was unconstitutional. Upon hearing arguments presented by both parties, the court below entered an order denying appellant's motion to quash the subpoena, and the lower court granted the Commonwealth's request of immunity to compel appellant to testify. Further, the court held appellant in criminal and civil contempt for his refusal to testify and sentenced appellant to

imprisonment for five (5) months and twenty-nine (29) days. This appeal followed.

Herein, appellant poses the following questions for our review:

I. Did the Honorable Lawrence A. Brown err in granting use immunity to Thomas DeBlase and finding him both in civil and criminal contempt when he refused to testify since the statutory use immunity, pursuant to 42 Pa.C.S.A. 5947, is not co-extensive with the Pennsylvania State Constitutional Protection against self-incrimination found at Article I, Section 9, and only the grant of transactional immunity would satisfy the Pennsylvania Constitution?

II. Did the Honorable Lawrence A. Brown err in granting use immunity to Thomas DeBlase and finding him in both civil and criminal contempt when he refused to testify when he was being forced to testify in a capital murder trial against a co-defendant when his case charging Mr. DeBlase with capital murder was still pending since this would violate Mr. DeBlase's right of due process under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 9, of the Pennsylvania Constitution since his ability to defend his case would be impaired including tainting of potential jurors and presentation of witnesses?

Appellant's Brief, p. 4.

"In considering an appeal from a contempt order, great reliance must be placed upon the discretion of the trial judge." *Commonwealth v. Hawkins*, 322 Pa.Super. 199, 207, 469 A.2d 252, 256 (1983), *citing, In re Grand Jury, April Term, 1977, Wayne County*, 251 Pa.Super. 43, 50, 379 A.2d 323, 326 (1977). Guided by that standard of review, we proceed to address appellant's first point of error. Appellant challenges the constitutionality of 42 Pa.C.S.A. § 5947. That statute reads in pertinent part:

### § 5947. Immunity of witnesses

(a) **General rule.**—Immunity orders shall be available under this section in all proceedings before:

(1) Courts.

(2) Grand juries.

(3) Investigating grand juries.

(4) The minor judiciary or coroners.

\* \* \* \* \* \*

**(c) Order to testify.**—Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding specified in subsection (a), and the person presiding at such proceeding communicates to the witness an immunity order, that witness may not refuse to testify based on his privilege against self-incrimination.

**(d) Limitation on use.**—No testimony or other information compelled under an immunity order, or any information directly or indirectly derived from such testimony or other information, may be used against a witness in any criminal case, except that such information may be used:

(1) in a prosecution under 18 Pa.C.S. § 4902 (relating to perjury) or under 18 Pa.C.S. § 4903 (relating to false swearing);

(2) in a contempt proceeding for failure to comply with an immunity order; or

(3) as evidence, where otherwise admissible, in any proceeding where the witness is not a criminal defendant.

\* \* \* \* \* \*

42 Pa.C.S.A. § 5947.

█ Appellant maintains that use immunity provided under § 5947 is not coextensive with the right against self-incrimination found at Article I, § 9, of the Pennsylvania Constitution.[1] Instead, appellant asserts that only transactional immunity satisfies the safeguards afforded by that article.

---

1. Article I, § 9, of the Pennsylvania Constitution states in relevant part as follows:

   **§ 9. Rights of accused in criminal prosecutions**
   [H]e cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty, or property, unless by the judgment of his peers or the law of the land. . . .

In *Commonwealth v. Webster*, 323 Pa.Super. 164, 470 A.2d 532 (1983), our Court articulated the following analysis distinguishing transactional immunity from use immunity:

Witness immunity is characterized as either transactional immunity or use immunity. Transactional immunity provides a witness full immunity from prosecution for crimes arising from any transaction concerning which the witness was compelled to testify.... Use immunity, on the other hand, prohibits the use or derivative use of any testimony compelled over a claim of privilege.... Use immunity does not prohibit prosecution for all crimes arising out of the transaction testified to so long as the prosecution's evidence is obtained from a source wholly independent of the compelled testimony.

323 Pa.Super. at 170, 470 A.2d at 535 (citations omitted). Our Supreme Court has determined that under Pennsylvania law only use immunity is available to a witness. *Commonwealth v. Parker*, 531 Pa. 90, 93–94, 611 A.2d 199, 201 (1992). "Transactional immunity is not required in order to compel testimony over a Fifth Amendment claim of privilege against self-incrimination." *Webster*, 323 Pa.Super. at 170, 470 A.2d at 535. "Immunity from use and derivative use is coextensive with the scope of the privilege against self-incrimination, and therefore is sufficient to compel testimony over a claim of the privilege. While a grant of immunity must afford protection commensurate with that afforded by the privilege, it need not be broader." *Id.* at 170–71, 470 A.2d at 535, *quoting, Kastigar v. United States*, 406 U.S. 441, 453, 92 S.Ct. 1653, 1661, 32 L.Ed.2d 212, 222 (1972), *reh. denied*, 408 U.S. 931, 92 S.Ct. 2478, 33 L.Ed.2d 345. *See, Hawkins*, 322 Pa.Super. at 203–07, 469 A.2d at 254–56 (1983) (Superior Court rejects appellant's argument that he refused to testify because the Commonwealth threatened to prosecute him for perjury if his immunized testimony failed to conform to his prior statement).

In light of the aforesaid decisions, we hold that appellant's constitutional challenge to the legality of use immunity clearly fails. Our Legislature and our Supreme Court have provided that only use immunity is available to a witness under Penn-

128

sylvania law. We are not prepared to deviate from this established principle.

■ We also reject appellant's second contention raised herein. Appellant asserts that use immunity would deny him fundamental rights to due process under the United States Constitution and the Pennsylvania Constitution if he were to testify against his co-defendant. Appellant argues as follows:

> [Appellant] respectfully contends that being forced to testify would deny him fundamental due process rights in that his ability to pick a fair jury could be impaired, his ability to present a defense could be impaired, his ability to present character witnesses would be precluded, his ability to make a decision whether to testify could be infringed upon and his ability to be secure that the prosecution was not taking advantage of his testimony could not be adequately protected.

Appellant's Brief, p. 14. Appellant fails to cite any legal authority to support those alleged due process violations. Nevertheless, upon review of 42 Pa.C.S.A. § 5947, we find due process violated only in the case where the Commonwealth uses information against the witness which is derived from the witness' immunized testimony. *Compare Parker*, 531 Pa. at 93–94, 611 A.2d at 201 (appellant cannot complain that the Commonwealth is estopped on due process grounds from prosecuting him with independent evidence when his immunized testimony was not used against him); 42 Pa.C.S.A. § 5947(d). Further, we also conclude that appellant's due process claim pursuant to the United States Constitution is without merit. *See Kastigar v. United States, supra* (use immunity is coextensive with the scope of privilege against self-incrimination and is therefore sufficient to compel testimony over a claim of privilege); *United States v. Apfelbaum*, 445 U.S. 115, 100 S.Ct. 948, 63 L.Ed.2d 250 (1980) (neither the immunity statute nor the Fifth Amendment precludes the use of witness' immunized testimony at subsequent prosecution for making false statements); 18 USCS §§ 6001–6005.

Having scrutinized appellant's two assignments of error, we find that the lower court did not abuse its discretion in holding appellant in criminal and civil contempt for his refusal to testify.

Judgment of sentence affirmed.