*282
 
 KELLY, Judge:
 

 The Commonwealth asks us to determine whether the trial court erred in its order entered May 19, 1993, denying the Commonwealth’s motion to use the transcript of the preliminary hearing for purposes of introducing the substantive testimony of its key witness, Blaine Cain. The specific circumstances of this case compel us to affirm.
 

 The relevant facts and procedural history are as follows. On June 25, 1992, appellee was charged by criminal complaint with possession of a controlled substance with intent to deliver and delivery of a controlled substance.
 
 [1]
 
 A preliminary hearing occurred on July 10,1992 where the Commonwealth’s chief witness, Blaine Cain, testified against appellee. Mr. Cain testified that he had been acting as á confidential informant for the Commonwealth, something he had done on several past occasions. On this particular incident of February 20, 1992, Mr. Cain allegedly purchased cocaine from appellee. This purchase was the basis for the charges against appellee and the substance of Mr. Cain’s testimony at the preliminary hearing. Defense counsel did cross-examine Mr. Cain at the preliminary hearing about the drug purchase, but he did not question Mr. Cain about his custodial status although Mr. Cain appeared at the preliminary hearing wearing prison garb and in the custody of the deputy sheriffs office. The Commonwealth, however, had not disclosed to defense counsel that Mr. Cain had a prior criminal record or that he had a pending robbery charge. Mr. Cain’s preliminary hearing testimony was duly recorded and preserved. Following the preliminary hearing, appellee was bound over to the Court of Common Pleas for trial.
 

 On the day scheduled for trial, May 19, 1993, Mr. Cain informed the Commonwealth that he did not intend to testify. The Commonwealth immediately notified all interested parties, and a hearing was held to determine why Mr. Cain would not testify. Mr. Cain indicated an intention to invoke his Fifth Amendment privilege against self-incrimination.
 
 *283
 
 The Commonwealth offered Mr. Cain use immunity
 
 [2]
 
 for his testimony, but Mr. Cain steadfastly refused to testify. The trial court advised Mr. Cain that his testimony could not be used against him under a grant of use immunity. The trial court then ordered Mr. Cain to testify. Mr. Cain refused, and the trial court held him in contempt of court. The Commonwealth then asked the trial court to declare Mr. Cain unavailable and to admit his prior testimony at trial.
 

 On the following day, May 20, 1993, Mr. Cain again refused to testify. As a result, the trial court sentenced him to one year imprisonment in a state correctional institution for contempt. The trial court proceeded to hear arguments from both the Commonwealth and defense counsel on whether Mr. Cain’s prior testimony should be admitted at trial. Defense counsel argued in his oral motion
 
 in limine
 
 that Mr. Cain’s testimony should not be admitted at trial because defense counsel, lacking information about Mr. Cain’s prior record and pending robbery charge, did not have a full and fair opportunity to cross-examine Mr. Cain at the preliminary hearing. At the conclusion of the May 20, 1993 hearing, the trial court found that Mr. Cain was unavailable but that his testimony would not be admissible at trial because defense counsel had not been aware of Mr. Cain’s prior record and his pending
 
 *284
 
 robbery charge, both of which the trial court deemed relevant to Mr. Cain’s credibility. The trial court granted appellee’s oral motion
 
 in limine,
 
 thus precluding the Commonwealth from introducing the preliminary hearing transcript of Mr. Cain’s testimony.
 

 In making its decision, the trial court stressed that “charges of significant nature, a felony” against Mr. Cain had been dismissed in November of 1991. (N.T. 5/20/93 at 15). Other charges, not specified by the trial court, were also dismissed in November of 1991. Again, in January of 1992, charges against Mr. Cain were dismissed. In addition, the trial court emphasized that Mr. Cain had been charged with robbery in March of 1992, which was between the time of the alleged drug purchase from the defendant (February 2, 1992) and appellee’s preliminary hearing (July 10, 1992). (N.T. 5/20/93 at 15). The March, 1992 robbery charge was dismissed prior to the preliminary hearing; Mr. Cain pled guilty to theft. To further complicate his history, Mr. Cain had yet another robbery charge pending against him when he testified at appellee’s preliminary hearing. He was thereafter tried and convicted of this robbery offense at a jury trial. (N.T. 6/17/93 at 9). In light of Mr. Cain’s long and complicated criminal history, the trial court determined, now that defense counsel knows of these matters, counsel could have challenged Mr. Cain’s credibility, but only if given the opportunity to question Mr. Cain at trial. (N.T. 5/20/93 at 15; N.T. 6/17/93 at 10). Accordingly, the trial court granted appellee’s oral motion
 
 in limine
 
 to exclude Mr. Cain’s preliminary hearing testimony at trial, thereby preventing the Commonwealth’s use of the transcript in lieu of Mr. Cain’s actual appearance and live testimony at appellee’s trial. The trial court’s order also continued appellee’s case pending an appeal to this Court based on the Commonwealth’s representation that the trial court’s ruling substantially handicapped the prosecution from going forward with its case against appellee.
 

 The trial court reconsidered its order at a hearing held on June 17, 1993. At the hearing, stipulations were offered to place on the record additional facts which had not been
 
 *285
 
 presented at the May 20, 1993 hearing. The Commonwealth offered for stipulation that (1) Mr. Cain was not on parole at the time of the preliminary hearing; (2) a robbery charge against Mr. Cain was dismissed due to insufficient evidence, not because of any agreement with Mr. Cain in exchange for his testimony; and, (3) Mr. Cain actually received no deal for his cooperation at the preliminary hearing. Defense counsel agreed to the above stipulations with the proviso that he would stipulate only to what objectively had occurred, not to any subjective expectation for leniency which Mr. Cain might have had at the time of his preliminary hearing testimony. Following the June 17, 1993 reconsideration hearing, the trial court again denied the Commonwealth’s petition to admit Mr. Cain’s testimony from appellee’s preliminary hearing. Thus, the Commonwealth timely instituted this appeal.
 

 The Commonwealth raises the following issue for our review:
 

 DID THE LOWER COURT ERR IN PRECLUDING THE COMMONWEALTH FROM USING AT TRIAL THE TRANSCRIPT OF THE PRELIMINARY HEARING TESTIMONY OF A MATERIAL WITNESS WHO SUBSEQUENTLY REFUSED TO TESTIFY AT TRIAL AND THUS BECAME UNAVAILABLE TO THE COMMONWEALTH?
 

 Commonwealth’s Brief at 4.
 

 The admissibility of evidence is a matter committed to the sound discretion of the trial court; absent an abuse of that discretion, the trial court’s rulings on admissibility will not be overturned on appeal.
 
 Commonwealth v. Wharton,
 
 530 Pa. 127, 607 A.2d 710 (1992). Hearsay is an out-of-court statement offered in court to prove the truth of the matters asserted therein.
 
 Commonwealth v. Bujanowski,
 
 418 Pa.Super. 163, 613 A.2d 1227 (1992),
 
 appeal denied,
 
 533 Pa. 642, 622 A.2d 1374 (1993). Hearsay statements are generally inadmissible as evidence because the declarant’s competency and credibility cannot be assessed.
 
 Id.
 

 
 *286
 
 “Exceptions to the hearsay rule have been fashioned to accommodate certain classes of hearsay that are substantially more trustworthy than hearsay in general, and thus merit exception to the hearsay rale.”
 
 Id.
 
 at 169, 613 A.2d at 1230 (quoting
 
 Commonwealth v. Haber,
 
 351 Pa.Super. 79, 83, 505 A.2d 273, 275 (1986)). Proponents of hearsay testimony must demonstrate the reliability and trustworthiness of the proposed statements before those statements will be admitted as substantive evidence.
 
 Id.
 
 The oath requirement is one assurance of reliability.
 
 Id.
 
 “The trustworthiness of a statement should be analyzed by evaluating not only the facts corroborating the veracity of the statement, but also the circumstances in which the declarant made the statement and the incentive he had to speak truthfully or falsely.”
 
 United States v. Bailey,
 
 581 F.2d 341, 349 (3d Cir.1978).
 

 Pennsylvania common law permits, as an exception to the hearsay rule, the admission of prior recorded testimony from a preliminary hearing provided that (1) the witness responsible for that testimony is presently unavailable; (2) the defendant had counsel; and (3) the defendant had a full and fair opportunity to cross-examine the declarant during the earlier proceeding.
 
 Commonwealth v. McGrogan,
 
 523 Pa. 614, 568 A.2d 924 (1990);
 
 Commonwealth v. Chestnut,
 
 511 Pa. 169, 512 A.2d 603 (1986);
 
 Commonwealth v. Melson,
 
 432 Pa.Super. 1, 637 A.2d 633 (1994);
 
 Commonwealth v. Carbaugh,
 
 423 Pa.Super. 178, 620 A.2d 1169 (1993);
 
 Commonwealth v. Smith,
 
 380 Pa.Super. 619, 552 A.2d 1053 (1988). As well, the issues in the prior proceeding and the purpose for which the testimony was there offered “must have been such that the present opponent had an adequate motive for testing on cross-examination the credibility of the testimony now offered.”
 
 Commonwealth v. Velasquez,
 
 449 Pa. 599, 601 n. 3, 296 A.2d 768, 770 n. 3 (1972);
 
 Commonwealth v. Taylor,
 
 299 Pa.Super. 113, 445 A.2d 174 (1982).
 

 The true test for unavailability of a witness is whether the prosecution has made a good faith effort to produce the live testimony of the witness and, through no fault of its own,
 
 *287
 
 is prevented from doing so.
 
 Commonwealth v. Melson, supra
 
 at 11, 637 A.2d at 638 (citing
 
 Ohio v. Roberts,
 
 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). How far the prosecution must go to produce the recalcitrant witness’ testimony is a question of reasonableness.
 
 Id.
 

 In the case at hand, Mr. Cain steadfastly refused to testify at appellee’s trial, notwithstanding the Commonwealth’s offer of use immunity or the court’s order compelling his testimony. As a result, the trial court found Mr. Cain in contempt of its order and sentenced him to one year in prison. Additionally, the trial court determined that the Commonwealth exercised all reasonable efforts to compel Mr. Cain’s live testimony at trial. Nevertheless, Mr. Cain refused to testify at appellee’s trial. We agree with the trial court that the Commonwealth has carried its burden to show Mr. Cain is unavailable for the purposes of the hearsay rule exception which would allow the Commonwealth to introduce Mr. Cain’s prior recorded testimony at trial.
 
 See Commonwealth v. Melson, supra
 
 (witness’ refusal to testify despite a court order to do so constitutes unavailability);
 
 Commonwealth v. Carbaugh,
 
 423 Pa.Super. 178, 620 A.2d 1169 (1993) (witness unavailable due to untimely death);
 
 Commonwealth v. Jones,
 
 344 Pa.Super. 420, 496 A.2d 1177 (1985) (partial lack of memory rendered witness unavailable).
 

 Whether Mr. Cain’s prior recorded testimony from appellee’s preliminary hearing should be admitted at appellee’s trial depends, therefore, on whether defense counsel had a full and fair opportunity to cross-examine Mr. Cain at that preliminary hearing. The Commonwealth submits that appellee had the benefit of counsel and an opportunity to cross-examine Mr. Cain at the preliminary hearing. Although the Commonwealth admits that it did not disclose Mr. Cain’s prior criminal history or his pending criminal charges to the defense, the Commonwealth is willing to stipulate to the following:
 

 (1) Mr. Cain was not on parole at the time of his prior testimony;
 

 
 *288
 
 (2) Mr. Cain has a prior criminal record, the contents of which can be used by the defense for impeachment purposes without asking Mr. Cain about it directly;
 

 (3) Mr. Cain had criminal charges pending against him at the time of his testimony against appellee;
 

 (4) Mr. Cain and the Commonwealth had no agreement regarding those pending charges in exchange for his testimony; and
 

 (5) Mr. Cain actually received nothing in exchange for his testimony.
 

 An agreement as to these stipulated facts, proffers the Commonwealth, provides the same impeachment value as would the live cross-examination of Mr. Cain at trial. We disagree.
 

 A criminal defendant has a right to cross-examine an adverse witness, according to our federal and state constitutions.
 
 Commonwealth v. McGrogan, supra.
 

 Although we have recognized that hearsay rules and the Confrontation Clause are generally designed to protect similar values, we have also been careful not to equate the Confrontation Clause’s prohibitions with the general rule prohibiting the admission of hearsay statements. The Confrontation Clause, in other words, bars the admission of some evidence that would otherwise be admissible under an exception to the hearsay rule.
 

 Idaho v. Wright,
 
 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). For example, the hearsay exception allowing prior testimony of an unavailable witness will not prevail where the prior testimony was not subject to a full opportunity for cross-examination.
 
 Commonwealth v. Mangini,
 
 493 Pa. 203, 425 A.2d 734 (1981). “Any procedural evidentiary system must conform to the requirements of fundamental fairness and due process.”
 
 Id.
 
 at 210, 425 A.2d at 738.
 
 See Commonwealth v. Munchinski,
 
 401 Pa.Super. 300, 585 A.2d 471 (1991),
 
 appeal denied,
 
 529 Pa. 618, 600 A.2d 535 (1991) (although technically admissible under the prior recorded testimony of an unavailable witness exception to the hearsay rule, codefendant’s testimony from his bench trial was inadmissible to exculpate
 
 *289
 
 appellant at appellant’s trial because the Commonwealth did not have a foil and fair opportunity to cross-examine codefendant at his trial).
 

 [W]henever a prosecution witness may be biased in favor of the prosecution because of outstanding criminal charges or because of any non-final criminal disposition against him within the same jurisdiction, that possible bias, in fairness,
 
 must
 
 be made known to the jury. Even if the prosecutor has made no promises, either on the present case or on other pending criminal matters, the witness may hope for favorable treatment from the prosecutor if the witness presently testifies in a way that is helpful to the prosecution. And if that possibility exists, the jury should know about it. The jury may choose to believe the witness even after it learns of actual promises made or possible promises of leniency which may be made in the future, but the defendant, under the right guaranteed in the Pennsylvania Constitution to confront witnesses against him, must have the opportunity at least to raise a doubt in the mind of the jury as to whether the prosecution witness is biased. It is not for the court to determine whether the cross-examination for bias would affect the jury’s determination of the case. While the rule stated today is new, its formulation is actually a matter of evolution rather than innovation. As far back as 1909, this Court stated:
 

 It is always the right of a party against whom a witness is called to show by cross-examination that he has an interest direct or collateral in the result of the trial.... The right is not to be denied or abridged because incidentally facts may be developed that are irrelevant to the issue and prejudicial to the other party.
 

 Commonwealth v. Cheatham,
 
 429 Pa. 198, 203, 239 A.2d 293, 296 (1968), quoting from
 
 Lenahan v. Pittston Coal Min. Co.,
 
 221 Pa. 626, 70 A. 884, 885 (1908). While we have always acknowledged the right of a party to impeach by showing bias, new in the present case is our willingness to acknowledge what we had previously thought was too speculative: that a prosecution witness may be biased because of the
 
 *290
 
 expectation of leniency in some pending matter even when no promises have been made. Thus, we hold that the right guaranteed by Art. I Section 9 of the Pennsylvania Constitution to confront witnesses against a defendant in a criminal case entails that a criminal defendant must be permitted to challenge a witness’s self-interest by questioning him about possible or actual favored treatment by the prosecuting authority in the case at bar, or in any other non-final matter involving the same prosecuting authority.
 

 Commonwealth v. Evans,
 
 511 Pa. 214, 224-26, 512 A.2d 626, 631-32 (1986) (footnote omitted) (emphasis added).
 
 Accord Commonwealth v. Hill,
 
 523 Pa. 270, 566 A.2d 252 (1989).
 

 A preliminary hearing, in general, is a much less searching exploration into the merits of a case than a trial because a preliminary hearing serves the limited function of establishing a
 
 prima facie
 
 case against the accused.
 
 Commonwealth v. Fox,
 
 422 Pa.Super. 224, 234, 619 A.2d 327, 332 (1993),
 
 appeal denied,
 
 535 Pa. 659, 634 A.2d 222 (1993). “Credibility is not ah issue at a preliminary hearing.”
 
 Id.
 
 (citations omitted).
 
 [3]
 

 On the other hand, the opportunity to impeach a witness is particularly important where the Commonwealth’s entire case hinges upon the testimony of the unavailable witness.
 
 Commonwealth v. Bazemore,
 
 531 Pa. 582, 614 A.2d 684 (1992). The Court in
 
 Commonwealth v. Bazemore, supra,
 
 held that defense counsel was denied a full and fair opportunity to cross-examine a Commonwealth witness when the Commonwealth withheld vital impeachment evidence. Although the Court focused on a prior inconsistent statement made by
 
 *291
 
 the witness (known to the Commonwealth but not revealed to defense counsel), the Court also noted the Commonwealth’s failure to reveal the witness’ prior criminal record.
 
 Id.
 
 at 588, 614 A.2d at 687. Even though the Commonwealth submitted at trial that the impeachment evidence would be indirectly offered through the testimony of others, the
 
 Bazemore
 
 Court stated that such introduction was “clearly an inadequate substitute for a full and fair opportunity to examine the witness himself.”
 
 Id.
 
 at 589 n. 4, 614 A.2d at 687 n. 4.
 

 The principles enunciated in
 
 Commonwealth v. Bazemore, supra,
 
 were reinforced in
 
 Commonwealth v. Stinson,
 
 427 Pa.Super. 289, 628 A.2d 1165 (1993),
 
 appeal denied,
 
 537 Pa. 608, 641 A.2d 309 (1994), authored by our distinguished colleague, Judge Popovich. This Court held that defense counsel had not been offered a full and fair opportunity to cross-examine the witness at the preliminary hearing. In
 
 Stinson,
 
 defense counsel attempted to attack the witness’ credibility at the preliminary hearing by inquiring into his past criminal convictions. The Commonwealth objected, however, and that objection was sustained; thus, defense counsel was precluded from testing the witness’ testimony. The
 
 Stinson
 
 Court ruled that under the circumstances, the trial court committed an error of law in admitting the preliminary testimony of the witness. The Court affirmed the judgment of sentence; the error was deemed harmless because the Commonwealth presented two other key witnesses, one of whom was an eyewitness to the crime. The Court concluded that the unavailable witness’ testimony was merely cumulative.
 
 Id.
 
 at 302, 628 A.2d at 1171-72.
 

 Whether the testimony to be introduced at trial as substantive evidence was given at a prior trial or other proceeding, the applicable standard is that of
 
 full and fair opportunity
 
 to cross-examine.
 
 Commonwealth v. Bazemore, supra
 
 at 588, 614 A.2d at 685. Thus, the procedural posture of the case at bar does not change the standard for determining the admissibility of Mr. Cain’s prior testimony.
 

 
 *292
 
 Given the significance of Mr. Cain’s testimony, as the
 
 only eyewitness
 
 in the instant case, his credibility has become a key issue for trial. Unfortunately, the unavailability of Mr. Cain’s live testimony at trial forecloses appellee’s opportunity to put to the jury Mr. Cain’s subjective expectations, if any, of a deal in exchange for his testimony in favor of the Commonwealth. Appellee has the right to explore the possibility of any coercive power, that the Commonwealth might have had over Mr. Cain, which may have been an incentive for Mr. Cain to testify favorably for the Commonwealth.
 
 Commonwealth v. Lipscomb,
 
 269 Pa.Super. 219, 409 A.2d 857 (1979).
 
 See Commonwealth v. Johnston,
 
 434 Pa.Super. 451, 644 A.2d 168 (1994) (appellant granted a new trial where the Commonwealth failed to disclose a plea bargain between the Commonwealth and its only eyewitness directly linking appellant to the crime charged). Notwithstanding the Commonwealth’s willingness to enter stipulations of an objective nature, such stipulations are an inadequate substitute for cross-examination in a criminal setting.
 
 See Commonwealth v. Bazemore, supra
 
 at 586, 614 A.2d at 686. Moreover, defense counsel refused to stipulate to the existence or nonexistence of Mr. Cain’s subjective expectations, the nature and extent of which would go directly to his bias or interest.
 
 See Commonwealth v. Evans, supra.
 
 The potential for bias or interest on the part of this witness is a matter which appellee has a right to put to the jury. Because Mr. Cain has refused to testify, appellee is foreclosed from exploring the bias issue. The Commonwealth’s proposed stipulations are not an effective remedy for the denial of appellee’s right.
 
 [4]
 

 
 *293
 
 The fact that Mr. Cain’s testimony at the preliminary hearing was given under oath is not dispositive on the issue of the trustworthiness and reliability of that testimony. First, Mr. Cain had not only a prior record but also a history of dismissed charges quite possibly related to his role as a confidential informant in prior instances. Second, Mr. Cain had a robbery charge pending against him at the time of the preliminary hearing. The relevant parties do not dispute that, just before his testimony, Mr. Cain and his supervising law enforcement officer engaged in a heated argument, after which the witness evidenced some reluctance to testify. Following more discussion, the witness did testify favorably for the Commonwealth. Nevertheless, appellee did not have an opportunity to explore Mr. Cain’s reasons for ultimately testifying as he did. Mr. Cain’s credibility was simply not an issue at the preliminary hearing.
 
 See Commonwealth v. Fox, supra.
 
 More appropriately a matter for trial, Mr. Cain’s bias or interest must now go untested because of his unavailable live testimony. In balancing the competing interests of the Commonwealth’s need to admit Mr. Cain’s untested prior testimony and appellee’s right to put the matter of Mr. Cain’s potential bias or interest to the jury, we conclude that appellee’s right is paramount, especially in light of the fact that Mr. Cain was the only eyewitness to appellee’s alleged offense.
 
 See Commonwealth v. Stinson, supra.
 

 
 *294
 
 Under the specific facts before us on this appeal, we affirm the trial court’s order denying the Commonwealth’s motion to use the transcript of Mr. Cain’s preliminary hearing testimony as substantive evidence against appellee at appellee’s trial under the “prior recorded testimony of an unavailable witness” exception to the hearsay rule. The use of the transcript in lieu of Mr. Cain’s live testimony does not meet the required safeguards of either the hearsay rules or the Confrontation Clause of our federal and state constitutions.
 

 Order affirmed.
 

 [1]
 

 . 35 P.S. § 780-113(a)(30).
 

 [2]
 

 . Use immunity prohibits the use or derivative use of any testimony compelled over a claim of privilege.
 
 Commonwealth v. Swinehart,
 
 434 Pa.Super. 123, 126, 642 A.2d 504, 506 (1994) (quoting
 
 Commonwealth v. Webster,
 
 323 Pa.Super. 164, 170, 470 A.2d 532, 535 (1983)). “Immunity from use and derivative use is co-extensive with the scope of the privilege against self-incrimination, and therefore, is sufficient to compel testimony over a claim of the privilege.”
 
 Commonwealth v. Webster, supra
 
 at 170, 470 A.2d at 535) (citation omitted). The prosecution may still prosecute the witness for crimes arising out of the transaction testified to so long as the prosecution's evidence is obtained from a source wholly independent of the compelled testimony.
 
 Id.
 
 In contrast, transactional immunity provides a witness full immunity from prosecution for crimes arising out of any transaction about which the witness was compelled to testify.
 
 Commonwealth v. Swinehart, supra,
 
 434 Pa.Super. at 126, 642 A.2d at 506 (quoting
 
 Commonwealth v. Webster, supra,
 
 323 Pa.Super. at 170, 470 A.2d at 535)). However, the Pennsylvania Supreme Court has determined that under Pennsylvania law, only use immunity is available to a witness.
 
 Commonwealth v. Swinehart, supra,
 
 434 Pa.Super. at 126, 642 A.2d at 506 (citing
 
 Commonwealth v. Parker,
 
 531 Pa. 90, 94, 611 A.2d 199, 201 (1992)).
 

 [3]
 

 . In
 
 Commonwealth v. Fox, supra,
 
 appellant argued that defense counsel did not have a full and fair opportunity to cross-examine an adverse witness at the preliminary hearing. In fact, when defense counsel asked the witness questions at the preliminary hearing pertaining to the witness’ credibility, the Commonwealth’s objections were sustained. Defense counsel was precluded, therefore, from impeaching the witness’ testimony. A panel of this Court held that, in light of the clear purpose of a preliminary hearing, the appellant’s claim was without merit. The significant difference between
 
 Commonwealth v. Fox, supra
 
 and the case
 
 sub judice
 
 is that Mr. Fox’s adverse witness was available at trial and was cross-examined at that time by counsel for the defense.
 

 [4]
 

 . The Commonwealth mentions that Mr. Cain’s prison garb and custodial status at the preliminary hearing were sufficient to put defense counsel on notice of the witness’ prior record or pending charges, such that counsel should have asked the reason for the witness' attire. The Commonwealth seeks to shift the burden of disclosure to the appellee as a burden of inquiry.
 

 We recognize that the Commonwealth does not have a duty to disclose what it is not obligated to disclose.
 
 Commonwealth v. Bazemore, supra.
 
 Additionally, the Commonwealth does not necessarily know whether a particular witness will become unavailable.
 
 Id.
 
 Nevertheless, "as between the competing interests of admitting the former testimony of an unavailable witness and the defendant’s constitutional
 
 *293
 
 right to confront a witness, we find the latter paramount.”
 
 Commonwealth v. Stinson, supra
 
 at 301, 628 A.2d at 1171.
 

 The Pennsylvania Supreme Court, in
 
 Commonwealth v. Baxter,
 
 537 Pa. 41, 640 A.2d 1271 (1994) recently held that defense counsel was ineffective at trial for failing to explore the background of the Commonwealth’s main witness, where the Commonwealth had informed defense counsel of the witness’ prior criminal record but defense counsel did not take advantage of that information when questioning the witness at trial. Instantly, defense counsel cannot be held responsible for failing to explore the reasons for Mr. Cain’s garb at the preliminary hearing because the garb does not constitute the kind of notice or active disclosure sufficient to inform counsel of Mr. Cain’s complicated criminal history. Moreover, defense counsel did not have the same inducement to explore the witness’ background at the preliminary hearing as Mr. Baxter's counsel had at trial. Therefore, we conclude, the Commonwealth’s reliance on Mr. Cain’s garb as notice is a transparent maneuver which we will not abide.