J-S07004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROY WADE TIGUE    APELLANT | : | |
| | : | No. 1909 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 30, 2022
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-CR-0000375-2020

BEFORE:  DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                     **FILED APRIL 11, 2023**

Appellant, Roy Wade Tigue, appeals from the June 30, 2022 judgment of sentence entered in the Wayne County Court of Common Pleas following his jury conviction of Theft by Unlawful Taking or Disposition ("Theft"), and Defiant Trespass, and his summary conviction of Driving While Operating Privilege Suspended/Revoked.[1]  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On October 12, 2020, Ted Moser and his 12-year-old granddaughter, M.M., arrived at a property owned by Rudy Schemitz.  Mr. Schemitz permitted people to park their vehicles on this property and Mr. Moser owned most of the parked vehicles.  When Mr. Moser and M.M. arrived, they found Appellant located

---

[1] 18 Pa.C.S §§ 3921(a) and 3503(b)(1)(i); and 75 P.S. § 1543(a), respectively.

underneath a raised vehicle. Appellant was using a reciprocating saw to remove that vehicle's catalytic converter.

Mr. Moser confronted Appellant and Appellant, wielding a tire iron, "came at" Mr. Moser, before fleeing with three catalytic converters toward a truck he had parked in the woods beyond the property.[2] Mr. Moser called 911 and yelled for Appellant to stop; however, Appellant sped away almost hitting Mr. Moser with his truck.

Pennsylvania State Police found Appellant a few minutes later driving away from the scene. Police discovered that Appellant's drivers' license was suspended.

The Commonwealth subsequently charged Appellant with Theft, Recklessly Endangering Another Person, Defiant Trespass, Resisting Arrest and Driving While Operating Privilege Suspended/Revoked.

On November 17, 2020, the court held a preliminary hearing at which the Commonwealth presented the testimony of, *inter alia*, Mr. Schemitz. Mr. Schemitz testified that he had not given Appellant permission to be on the property or to remove anything from it. He further testified that he had posted "No Trespassing" signs on the property. Appellant's counsel had the opportunity to, and did, cross-examine Mr. Schemitz. Following the preliminary hearing, the court held the charges over for trial.[3]

---

[2] N.T. Trial, 5/19/22, at 27.

[3] On March 10, 2022, the Commonwealth *nolle prossed* the Resisting Arrest charge.

On April 19, 2022, the Commonwealth filed a motion in *limine* seeking to introduce the preliminary hearing transcript of Mr. Schemitz's testimony because Mr. Schemitz had died a month earlier and was, thus, unavailable to testify at trial. The trial court granted the Commonwealth's motion the next day.

On May 19, 2022, Appellant's jury trial commenced. Relevant to the instant appeal, Shaniqua Moser, daughter-in-law of Mr. Moser and a sheriff's deputy, transported Appellant to the courthouse and remained present in the courtroom during trial. Appellant did not object to Deputy Moser's presence.

At the trial, the Commonwealth presented Mr. Schemitz's preliminary hearing testimony. Mr. Moser also testified, stating, among other things, that at least one of the vehicles from which Appellant had removed the catalytic converter belonged to him. Over Appellant's objection, Mr. Moser also testified, based on his personal experience working on vehicles all his life, purchasing vehicle parts for 50 years, and his specialized knowledge of the price differences between new and used catalytic converters, that the catalytic converter removed by Appellant cost between two hundred and five hundred dollars.

During its deliberation, the jury raised three questions, which, along with the answers, the court put on the record. In particular, the jury asked: (1) how many converters were taken; (2) where did the converters go; and (3) how many converters were verbally okayed to be removed or how many vehicles did Appellant allegedly own. To each of these questions, the court

provided the same response: "I cannot answer that question for you. You are required to rely upon the evidence you heard from the witness stand." N.T., 5/19/22, at 102-03.

Following its deliberation, the jury convicted Appellant of Theft and Defiant Trespass, and the court convicted Appellant of the summary offense of Driving While Operating Privilege Suspended/Revoked.[4] On June 30, 2022, the court sentenced Appellant to serve 13 to 48 months of incarceration.[5] On July 11, 2022, Appellant filed a Motion to Reconsider Sentence, which the trial court denied on July 25, 2022.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following four issues on appeal:

1. Whether [] Appellant was prejudiced in that the victim's daughter-in-law (stepmother of one of the witnesses) was a Sheriff's deputy who was assigned to transport [] Appellant to trial and to be present on the floor where the trial took place, allowing for the deputy to be seen by the jurors in uniform in the presence of her daughter, a witness in this trial[?]

2. Whether the [j]ury improperly came to a guilty verdict based on the questions asked by the jurors and the evidence presented at trial[?]

---

[4] The jury acquitted Appellant of REAP.

[5] The court also sentenced Appellant that same day at four additional docket numbers after Appellant pled guilty to DUI, Resisting Arrest, and two counts of Receiving Stolen Property. Appellant's consolidated appeal from the judgments of sentence pertaining to those guilty pleas is docketed at No. 2104 EDA 2022.

3. Whether the trial court erred in denying [] Appellant's objection, allowing a lay witness to offer opinion testimony as to the value of the property alleged to have been stolen in this matter without qualifying the witness as an expert in that field[?]

4. Whether the trial court erred in granting the Commonwealth's Motion in *Limine* allowing the preliminary hearing testimony of Rudy Schemitz to be presented at trial[?]

Appellant's Brief at 12.

**A.**

In his first issue, Appellant asserts that because of her relationship to the victim and a trial witness, Deputy Moser's presence in the courtroom in her uniform "wholly prejudice[ed]" Appellant. *Id.* at 17-20. Beyond making a bald allegation of "prejudice," Appellant does not explain how Deputy Moser's presence impacted the jury or even whether the jury was aware of the relationship between Deputy Moser, the victim, and a witness.[6]

It is well settled that, to preserve a claim of error for appellate review, a party must make a specific, timely objection to the alleged error at the appropriate stage of the proceedings. *Commonwealth v. Tucker*, 143 A.3d 955, 961 (Pa. Super. 2016); Pa.R.A.P. 302(a). Failure to raise a proper objection results in a waiver of the underlying issue on appeal. *Tucker*, 143 A.3d at 961; Pa.R.A.P. 302(a). Instantly, our review of the Notes of Testimony reveals that Appellant did not object to Deputy Moser's presence in the

---

[6] The notes of testimony reflect that the jury was not made aware of the relationship between Deputy Moser, the victim, and the witness.

- 5 -

courtroom at the time of trial. Accordingly, Appellant has waived this issue for review.

**B.**

In his second issue, Appellant claims that the jury "improperly c[a]me to a verdict of [g]uilty based on the questions asked by the jurors and the evidence presented at trial." Appellant's Brief at 20. In support of this claim, Appellant presents numerous undeveloped and disjointed assertions from which we are unable to discern whether Appellant has intended to challenge the sufficiency of the evidence, the weight of the evidence, or something else entirely. Critically, although the jury's questions to the court and the court's responses to the jury appear to form the genesis of Appellant's complaint, he has failed to explain the nexus between them and any allegation of error over which he seeks this Court's review. Moreover, although Appellant has provided citation to one case setting forth our standard of review applicable to challenges to the sufficiency of the evidence, Appellant has failed to discuss the facts of this case in the context of any controlling authority.

"We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" ***Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018). This Court will address only those issues properly presented and developed in an appellant's brief as required by our rules of appellate procedure. Pa.R.A.P. 2101-2119. As this Court has made clear, we "will not act as counsel[.]" ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007). "Appellate arguments which fail to adhere to [the

Rules of Appellate Procedure] may be considered waived, and arguments which are not appropriately developed are waived." ***Coulter v. Ramsden***, 94 A.3d 1080, 1088 (Pa. Super. 2014) (citation omitted). ***See also Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (citations omitted) (where "defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived."); Pa.R.A.P. 2101 (providing that where the defects in an appellant's brief are substantial, this Court may quash or dismiss the appeal).

In light of the substantial defects in Appellant's Brief, we are unable to conduct meaningful appellate review of this issue. To do so would require this Court to develop Appellant's argument, which we cannot and will not do. Accordingly, we conclude that Appellant has waived this issue.

## C.

In his third issue, Appellant asserts that the trial court erred in permitting Mr. Moser to testify as a lay witness regarding the value of the catalytic converters stolen by Appellant. Appellant's Brief at 23-28. Appellant argues that Mr. Moser was not qualified to offer this testimony. ***Id.*** at 28.

Our standard of review concerning a challenge to the admissibility of evidence is as follows:

> The admissibility of evidence is a matter for the discretion of the trial court and a ruling thereon will be reversed on appeal only upon a showing that the trial court committed an abuse of discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or

> partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

*Commonwealth v. Johnson*, 42 A.3d 1017, 1027 (Pa. 2012) (citations and quotation marks omitted).

The Pennsylvania Rules of Evidence limit lay witness testimony in the form of an opinion to one that is:

> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Pa.R.E. 701. Rule 701 contemplates admission of lay opinions rationally based on personal knowledge that are helpful to the factfinder. *Commonwealth v. Berry*, 172 A.3d 1, 3-4. (Pa. Super. 2017). "[T]he proponent of technical lay opinion testimony must show that the testimony is based on sufficient personal experience or the specialized knowledge of the witness." *Gibson v. W.C.A.B. (Armco Stainless & Alloy Prod.)*, 861 A.2d 938, 944 (Pa. 2004); Pa.R.E. 602.

In contrast, when a witness's testimony is based upon "scientific, technical, or other specialized knowledge [] beyond that possessed by the average layperson[,]" the witness must be qualified as an expert "by knowledge, skill, experience, training or education." Pa.R.E. 702(a).

Here, in response to Appellant's objection to Mr. Moser's testimony regarding the cost of a catalytic converter, Mr. Moser explained that he has worked on and purchased parts for vehicles for 50 years. He further explained

that he has experience scrapping cars and the value of the catalytic converter he provided was for one sold for scrap; a new catalytic converter would cost much more. Based on Mr. Moser's testimony, the court overruled Appellant's objection to Mr. Moser's testimony regarding the value of the catalytic converter stolen by Appellant.

In its opinion, the trial court explained that it "was satisfied that Mr. Moser's testimony was based on his personal experience and specialized knowledge." Trial Ct. Op., 9/27/22, at 5. Thus, the court concluded that "it was proper to allow him to opine as to the value of the property without being qualified as an expert." *Id.* We agree. In light of the foundation laid by the Commonwealth that Mr. Moser had life-long experience working on cars, including 50 years of experience purchasing car parts, and Mr. Moser's testimony explaining the difference in the prices of new and of used catalytic converters, the trial court did not abuse its discretion in permitting Mr. Moser to offer technical lay witness testimony.

### D.

In his final issue, Appellant asserts that the court violated his right to confrontation when it permitted the Commonwealth to present Mr. Schemitz's preliminary hearing testimony to the jury. Appellant's Brief at 28-31.

A claim regarding a defendant's full and fair opportunity to cross-examine a witness implicates the right to confrontation enumerated in both the Pennsylvania and United States Constitutions. *See Commonwealth v. Bazemore*, 614 A.2d 684, 685 (Pa. 1992) ("Under both our federal and state

constitutions a criminal defendant has a right to confront and cross-examine witnesses against him."). Whether the trial court's admission of Mr. Schemitz's preliminary hearing testimony violated Appellant's constitutional right to confront the witnesses against him is a question of law as to which our review is *de novo* and plenary. ***Commonwealth v. Mitchell***, 152 A.3d 355, 358 (Pa. Super. 2016).

Admission of the preliminary hearing testimony of a witness who is unavailable at trial is permissible under Rule 804(b)(1) of the Pennsylvania Rules of Evidence and does not violate the defendant's right of confrontation if the defendant was represented by counsel at the preliminary hearing and had a full and fair opportunity to cross-examine the witness at the preliminary hearing. ***Commonwealth v. Wholaver***, 989 A.2d 883, 901-05 (Pa. 2010); ***Commonwealth v. Leaner***, 202 A.3d 749, 775-77 (Pa. Super. 2019); ***Mitchell***, 152 A.3d at 358-59; ***Commonwealth v. Buford***, 101 A.3d 1182, 1195-97 (Pa. Super. 2014); ***Commonwealth v. Leak***, 22 A.3d 1036, 1043-47 (Pa. Super. 2011). The critical issue in determining the admissibility of such prior testimony is whether the defendant's opportunity to cross-examine was full and fair. ***Bazemore***, 614 A.2d at 687; ***Leaner***, 202 A.3d at 775; ***Mitchell***, 152 A.3d at 358.

Where, at the time of the preliminary hearing, the defendant did not have access to vital impeachment evidence, such as a prior inconsistent statement by the witness, the witness's criminal record, or pending criminal charges against the witness, there was not a full and fair opportunity to cross-

- 10 -

examine, and admission of the preliminary hearing testimony violates the defendant's right to confront witnesses. ***Bazemore***, 614 A.2d at 687-88; ***Commonwealth v. Johnson***, 758 A.2d 166, 171-73 (Pa. Super. 2000); ***Commonwealth v. Smith***, 647 A.2d 907, 913-15 (Pa. Super. 1994). The burden is on the defendant to show that he was denied vital impeachment evidence at the time of the preliminary hearing. ***Leaner***, 202 A.3d at 775.

Appellant claims, in an entirely conclusory manner, that his opportunity to cross-examine Mr. Schemitz was not "full and fair" because the Commonwealth "deprived [him] of vital impeachment evidence at or before the time of the preliminary hearing." Appellant's Brief at 30-31. Appellant does not, however, specify of what "vital impeachment evidence" the Commonwealth deprived him. Accordingly, Appellant has not met his burden to show that the Commonwealth deprived him of vital impeachment evidence at the time of the preliminary hearing. Appellant is, thus, not entitled to relief on this claim.

**E.**

In sum, having found Appellant's issues either waived, undeveloped, or meritless, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2023