**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2097
_____

KHAMAL FOOKS,
                                        Appellant

v.

SUPERINTENDENT, SMITHFIELD SCI;
ATTORNEY GENERAL OF PENNSYLVANIA;
DISTRICT ATTORNEY OF ALLEGHENY COUNTY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-19-cv-01105)
Magistrate Judge: Honorable Lisa P. Lenihan
_____

Argued: December 6, 2023

Before: RESTREPO, BIBAS, and SCIRICA, *Circuit Judges*

(Filed: March 26, 2024)

Diana Stavroulakis          [ARGUED]
THE LAW OFFICES OF DIANA STAVROULAKIS
262 Elm Court
Pittsburgh, PA 15237
    *Counsel for Appellant*

Alicia Hronek
BEAVER COUNTY DISTRICT ATTORNEY'S OFFICE
810 Third Street
Beaver, PA 15009

Ronald M. Wabby, Jr.          [ARGUED]
ALLEGHENY COUNTY DISTRICT ATTORNEY'S OFFICE
436 Grant Street
Pittsburgh, PA 15219
    *Counsel for Appellees*

––––––––––––––––

OPINION OF THE COURT

––––––––––––––––

BIBAS, *Circuit Judge*.

Though habeas relief is hard to get, courts must give petitioners a fair shot. Khamal Fooks never got that. In his habeas petition, he alleges that his lawyer had assured him that he would be eligible for parole. But that assurance was false. His allegations, if true, would show that his lawyer's advice was ineffective. Yet neither the state nor the federal district court gave him a chance to prove those allegations. So we will remand for an evidentiary hearing to give him that chance.

## I. FOOKS CLAIMS HIS LAWYER
## MISADVISED HIM ABOUT PAROLE

Fooks and his friend went to a crack house to do a drug deal. While there, they shot and killed a man. Fooks pleaded guilty in Pennsylvania state court to third-degree murder, conspiracy, and carrying an unlicensed gun. As part of the plea deal, prosecutors dropped another charge and stipulated to a sentence of twenty to forty years in prison. After a plea hearing, the trial court accepted his guilty plea and plea agreement and imposed the agreed-upon sentence. The state appellate court affirmed.

Fooks then filed for state collateral relief, claiming ineffective assistance. He alleged that his lawyer had misadvised him that he would be eligible for parole after ten years. In fact, he had to serve at least twenty. He also said his lawyer should have moved to withdraw his guilty plea. And if he had known the truth, he claimed, he would not have pleaded guilty.

The trial court denied his petition on the merits without an evidentiary hearing. And the Pennsylvania Superior Court affirmed on the merits, explaining that "nothing in the record supports Fooks' claim that plea counsel represented to him [that] he would be eligible for parole after serving half of his minimum sentence." App. 116. Fooks had said he knew that he would get a sentence of twenty to forty years. Because "Fooks is bound by the[se] statements," the court concluded, his ineffective-assistance claim was meritless. *Id.* The Pennsylvania Supreme Court denied review.

Next, Fooks filed this federal habeas petition. The District Court denied it, holding that the Superior Court's decision was

not contrary to clearly established federal law and had not applied it unreasonably. The District Court also declined to hold an evidentiary hearing. Fooks now appeals.

Because it denied habeas relief without holding an evidentiary hearing, we review its denial de novo. *Branch v. Sweeney*, 758 F.3d 226, 232 (3d Cir. 2014). And we review its failure to hold that hearing for abuse of discretion. *Id.* at 241.

## II. ON THE EXISTING RECORD, FOOKS IS NOT ENTITLED TO RELIEF

The state court denied Fooks's petition on the merits. So we can grant him federal habeas relief only if the state court's decision was contrary to clearly established federal law or unreasonably applied that law. 28 U.S.C. § 2254(d)(1). Neither is true here. The Superior Court used the governing *Strickland* standard to hold that counsel had not performed deficiently. App. 102–03. It thus applied the right legal rule.

Nor can Fooks show that, in declining to grant habeas, the Superior Court applied *Strickland* unreasonably. True, defense counsel performs deficiently if he misadvises his client about parole eligibility. *Meyers v. Gillis*, 142 F.3d 664, 667 (3d Cir. 1998). And Fooks alleges that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). But all Fooks has are his own bare allegations. He never testified in state court. Plus, though his mother and brother later swore that his lawyer had misled him about parole, they made those statements almost a year after the Superior Court rejected his claim. So it rightly ruled that, at that time, "nothing in the record support[ed] Fooks' claim." App. 116.

4

## III. THE DISTRICT COURT SHOULD HAVE HELD AN EVIDENTIARY HEARING

But Fooks never got to fully develop that record. Although he repeatedly asked for an evidentiary hearing, neither the state nor the federal court gave him one. Yet he alleges facts that, if proven, would entitle him to federal habeas relief. So the District Court should have given him a hearing.

### A. Nothing bars the district court from holding a hearing

Both statute and precedent limit a habeas petitioner's ability to get an evidentiary hearing. Neither limit applies here. Under the habeas statute, a federal district court may not hold an evidentiary hearing if a petitioner "has failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. §2254(e)(2). But Fooks never "*failed* to develop the factual basis of [his] claim." *Id.* (emphasis added). He promptly sought "an evidentiary hearing in the manner required by state law." *Morris v. Beard*, 633 F.3d 185, 195 (3d Cir. 2011). The state court just refused. So he is asking for his first bite at the apple, not a second. Thus, the statute's bar does not apply.

The Supreme Court has further limited access to federal evidentiary hearings. In *Cullen v. Pinholster*, it held that "review under §2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 563 U.S. 170, 181 (2011). So, our Court reasoned, "district courts cannot conduct evidentiary hearings to supplement the existing state court record under 28 U.S.C. §2254(d)." *Brown v. Wenerowicz*, 663 F.3d 619, 629 (3d Cir. 2011). But there is an exception when the state court has denied the petitioner a hearing because it thought that he would lose *even if* his allegations were

presumed true. In that case, *Pinholster*'s bar does not apply if that ruling was unreasonable as a matter of clear federal law. *See Jordan v. Hepp*, 831 F.3d 837, 849–50 (7th Cir. 2016) (distinguishing *Pinholster* on similar grounds).

Fooks meets this exception. The Superior Court denied his petition for a hearing because it found that even if his allegations were true, they would not merit relief. But, as explained below, he "has alleged facts that would make [his lawyer's] conduct objectively unreasonable under *Strickland* and the state's contrary ruling unreasonable under section 2254(d)(1)." *Jordan*, 831 F.3d at 849–50. *Pinholster* thus does not prevent Fooks from getting an evidentiary hearing.

**B. Fooks's allegations are enough to warrant a hearing**

Though nothing keeps Fooks from getting a federal evidentiary hearing, he has no automatic right to one. Fooks must make "a *prima facie* showing that would enable him to prevail on the merits of [his] claim." *Morris*, 633 F.3d at 196 (cleaned up). So we ask whether his factual allegations, "if true, would entitle [him] to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). But if "the record refutes [his] factual allegations or otherwise precludes habeas relief," no hearing is needed. *Id.* And we review the state court's decision on the merits deferentially, granting relief only if it was unreasonable. *Id.*

Fooks has made this showing. *Strickland* forbids giving a defendant incorrect or misleading advice that influences his decision to plead guilty. When Fooks pleaded guilty in 2015, that law was clearly established. And by holding to the contrary, the state court unreasonably applied clearly established

6

federal law. So "the district court must conduct a hearing under section 2254(e) to determine if these facts are true." *Jordan*, 831 F.3d at 849–50.

For four decades, the Supreme Court has recognized that a lawyer can violate *Strickland* by "fail[ing] to advise the defendant" properly or misadvising him and thus causing him to plead guilty. *Hill v. Lockhart*, 474 U.S. 52, 56–60 (1985) (involving misadvice about parole eligibility). *Strickland* equally guards against letting a defendant decide to turn down a plea deal based on a lawyer's incorrect advice. *See Lafler v. Cooper*, 566 U.S. 156, 163–64, 174 (2012). Either way, "incompetent advice distorts the defendant's decisionmaking process" and makes it "hard to say that the plea was entered with the advice of constitutionally competent counsel." *Padilla v. Kentucky*, 559 U.S. 356, 385 (2010) (Alito, J., concurring in the judgment); *accord id.* at 371, 373 (majority opinion) (same, relying on *Strickland* and *Hill*).

The Supreme Court has clearly established that a lawyer's incorrect advice can violate *Strickland* when it affects "the outcome of the plea process." *Hill*, 474 U.S. at 59. A quarter-century ago, we applied this clear command to a case like this one. In that case, a defense lawyer had repeatedly misadvised the defendant that the plea deal would leave him eligible for parole. *Meyers*, 142 F.3d at 667. We held that misadvice was deficient performance that prejudiced the defendant under *Strickland* because there was a reasonable chance that he would have gone to trial otherwise. *Id.* at 667–70.

So too here. As in *Meyers*, Fooks's lawyer allegedly gave him bad advice about his parole eligibility. And no one cleared

7

up his misunderstanding. Also as in *Meyers*, the lawyer's bad advice is allegedly why Fooks took the plea deal. That would show prejudice, satisfying *Strickland*. True, Meyers had far more record evidence to support his claims. But because Fooks had no chance to make a record, we must take his allegations as true.

Even so, the Superior Court and District Court rejected his claim as meritless based on two things that he said at his plea hearing. Yet neither contradicts his claim. First, Fooks agreed that no one had made him any promises beyond those in the plea agreement. And his lawyer certified in writing that he had made no promises outside the record. But he claims not that his lawyer *promised* him parole, only that his lawyer said he would be *eligible* for it. That was not a promise, but bad advice.

Second, Fooks said he understood that his sentence would be twenty to forty years. But he said nothing about parole eligibility, and no one warned him about it. He may have thought that parole could still reduce his time in prison, letting him serve the rest of the twenty years on parole. Nothing in the record contradicts that allegation.

Yet the Superior Court overread his statements as enough to foreclose habeas relief. Although Fooks cannot show that the Superior Court applied *Strickland* unreasonably to the non-existent factual record, he has shown that it unreasonably held his allegations meritless under *Strickland* even if they were true. So it should have held a hearing. Because Fooks never got the state evidentiary hearing that he sought, he should have gotten a federal one. The District Court erred by not giving it to him.

* * * * *

Fooks says his lawyer misadvised him about parole, causing him to take a plea deal. If he is right, he has a claim for ineffective assistance of counsel. Yet neither the state nor the federal court gave him a chance to prove his claim. So we will remand for the court to hold an evidentiary hearing and give him that chance.