**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1174
_____

RUSSELL TINSLEY,
                    Appellant

v.

COURT OF COMMON PLEAS;
MR. LAWRENCE S. KRASNER, Esq., The District
Attorney of the County of Philadelphia;
ATTORNEY GENERAL PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:19-cv-01206)
District Judge: Honorable Nitza I. Quiñones Alejandro
_____

Submitted under Third Circuit L.A.R. 34.1(a)
December 11, 2025

Before: KRAUSE, PHIPPS, and FISHER, *Circuit Judges*

(Filed:  December 26, 2025)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Russell Tinsley appeals the District Court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254, in which he claimed that his trial counsel provided ineffective assistance when advising him to plead *nolo contendere* to charges of involuntary deviate sexual intercourse and sexual assault. Although we conclude that the District Court mistakenly held that the Pennsylvania courts rejected Tinsley's claims on an "independent and adequate state-law ground," *Tinsley v. Ct. of Common Pleas*, No. 2:19-cv-01206, 2022 WL 17832917, at *1 n.1 (E.D. Pa. Dec. 21, 2022), and thus erred in dismissing Tinsley's claims as procedurally defaulted, we will affirm its judgment because all of Tinsley's claims are either procedurally defaulted for failure to raise them in his Post Conviction Relief Act (PCRA) petitions or meritless under this Court's precedent.

## I.    DISCUSSION[1]

We address the ground on which the District Court ruled before discussing the alternative grounds on which we will affirm.

### A.    The Dismissal of Tinsley's Claims Based on Pennsylvania's Custody Requirement Did Not Cause Procedural Default.

Procedural default is a "corollary to the exhaustion requirement," under which "federal courts generally decline to hear any federal claim that was not presented to the

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254, and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253(c). We review *de novo* the District Court's denial of habeas relief without holding an evidentiary hearing. *Fooks v. Superintendent, Smithfield SCI*, 96 F.4th 595, 597 (3d Cir. 2024).

state courts consistent with the State's own procedural rules." *Shinn v. Ramirez*, 596 U.S. 366, 378 (2022) (citation modified). When a state court's rejection of a petitioner's claim rests on a state procedural rule that is "independent of the federal question [presented] and adequate to support the judgment," the claim is procedurally defaulted, *Nara v. Frank*, 488 F.3d 187, 199 (3d Cir. 2007), and the federal court can only "adjudicate the claim if the prisoner provides an adequate excuse," *Shinn*, 596 U.S. at 379. We also apply procedural default when a petitioner fails to present a claim in state court and would now be barred from doing so under state procedural rules. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999).

Here, the District Court concluded that Tinsley's ineffective assistance of counsel (IAC) claims were "procedurally defaulted because the state court declined to consider [them] on [the] independent and adequate state-law ground" that Tinsley was not entitled to relief because he was not in custody under 42 Pa. C.S.A. § 9543(a)(1)(i). *Tinsley*, 2022 WL 17832917, at *1 n.1; App. 50. But that conflicts with *Leyva v. Williams*, where we held that Pennsylvania's custody requirement is not an "adequate" state law ground because "the absence of state process" in such circumstances resulted from "the expiration of [the petitioner's] sentence," not "from any *failure*" on the petitioner's part. 504 F.3d 357, 368-69 (3d Cir. 2007). Thus, we cannot affirm the District Court's application of procedural default on that basis and will review Tinsley's claims *de novo*.

**B.      Tinsley's IAC Claims Do Not Warrant Relief.**

Tinsley raises four claims that his counsel provided ineffective assistance when advising him to plead *nolo contendere*. To show ineffective assistance of counsel in the

3

context of a plea, Tinsley must establish that (1) his counsel's performance was deficient under prevailing professional norms; and (2) "there is a reasonable probability that, but for counsel's errors, he would not have pleaded . . . and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 56, 58-59 (1985); *see also Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). But as to two of Tinsley's claims—(1) that counsel failed to advise Tinsley that the Commonwealth could not locate the complaining witness for trial, and (2) that counsel affirmatively misadvised him about the risk of civil commitment in New Jersey if he entered a *nolo contendere* plea—we do not reach the merits because they were not properly presented to the Pennsylvania courts consistent with state procedural rules.

Although Tinsley raised these arguments before the Pennsylvania Superior Court when appealing the denial of his PCRA petition, Pennsylvania's procedural rules then provided that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal," Pa. R.A.P. 302(a) (1980) (amended 2020), and such waivers constitute procedural default for purposes of federal habeas review, *see Werts v. Vaughn*, 228 F.3d 178, 194 (3d Cir. 2000).[2] Nor can Tinsley show cause and prejudice to excuse this procedural default as the District Court denied his prior federal habeas petitions with instructions to exhaust his claims in state court; his prior habeas filings show that, for

---

[2] Although the Superior Court did not rest its procedural default reasoning on Rule 302(a), we have discretion to apply procedural default *sua sponte*, particularly where, as here, doing so would protect the finality of criminal convictions and preserve judicial resources. *See, e.g.*, *Perruquet v. Briley*, 390 F.3d 505, 517-19 (7th Cir. 2004) (citing *Trest v. Cain*, 522 U.S. 87 (1997)); *Windham v. Merkle*, 163 F.3d 1092, 1100 (9th Cir. 1998).

years before filing his PCRA petitions, Tinsley had been aware of a statement by the Commonwealth that it could not locate the complaining witness; and Tinsley cannot attribute his failure to present the claims to his *pro se* status because he also omitted them in his amended, counseled PCRA petition.

These two IAC claims would fail on other grounds in any event. Tinsley could not establish that counsel's knowledge of the witness's unavailability "likely would have changed the outcome of a trial" or "led counsel to change his recommendation as to the plea," *Hill*, 474 U.S. at 59, because the Commonwealth likely would have been able to introduce at trial the complaining witness's prior incriminating testimony from Tinsley's preliminary hearing, *see Commonwealth v. Smith*, 647 A.2d 907, 911 (Pa. Super. Ct. 1994); Pa. R. Evid. 804(a)(5).[3] And Tinsley forfeited his affirmative misadvice claim because he failed to develop facts in the District Court that counsel advised him on the topic of civil confinement, which are necessary to support an affirmative misadvice claim, *see Harris v. City of Phila.*, 35 F.3d 840, 845 (3d Cir. 1994); *Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995) (denying an IAC claim in part because "[c]ounsel did not affirmatively mislead [the petitioner] with respect to the consequences of revocation of probation; the subject simply never came up"), and he made at most passing remarks that counsel provided "bad

_____

[3] Tinsley urges us to remand the witness availability claim for further factual development, but 28 U.S.C. § 2254(e)(2) bars the District Court from holding an evidentiary hearing on a claim that a petitioner failed to develop in state court, and Tinsley's failure to develop is apparent because his previous habeas filings show he was aware of the failure-to-locate issue as far back as September 2011. *See* Petition for Writ of Habeas Corpus, *Tinsley v. Ct. of Common Pleas*, No. 2:11-cv-06174-JP (E.D. Pa. Sept. 29, 2011), Dkt. No. 1-2, at 19.

advice, to taking [sic] the nolo contendere plea and set him up to be civilly committed," App. 74.

Tinsley's remaining claims—that counsel failed to advise him of the Megan's Law requirements and risk of civil commitment attached to his plea—fail on the merits under our recent decision in *Patel v. United States*, 156 F.4th 342 (3d Cir. 2025).[4]  There, we announced that the Supreme Court's holding in *Padilla v. Kentucky*—that criminal defense counsel must "inform her client whether his plea carries a risk of deportation," 559 U.S. 356, 374 (2010)—was limited to the risk of deportation and that, outside that context, "the Sixth Amendment requires criminal defense lawyers to advise their clients only of a guilty plea's direct consequences, not its collateral consequences," *Patel*, 156 F.4th at 350.

As Tinsley concedes that the risk of civil commitment in New Jersey was a collateral consequence of his *nolo contendere* plea, Opening Br. 47-48, as were the requirements of Megan's Law at the time counsel provided advice, *see Commonwealth v. Leidig*, 956 A.2d 399, 406 (Pa. 2008) ("[T]here is no question . . . that the registration requirements of Megan's Law are a collateral consequence of conviction."), counsel's alleged failure to advise Tinsley of collateral consequences was not constitutionally deficient.

## II.    CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment.

---

[4] On appeal, Tinsley asserts that he is not "proceeding" on the Megan's Law claim, but merely "incorporating aspects of [it] in seeking further factual development."  Opening Br. 2 n.1.  While this statement indicates a potential waiver, we will assume for the sake of completeness that this IAC claim is properly before us.